FANNIE  BRASFIELD, Respondent, v.  MODERN WOODMEN OF AMERICA, Appellant.

**Kansas City Court of Appeals, April 1, 1901.**

**Benefit Societies:** COMPLIANCE WITH THE STATUTE: SUICIDE OF MEMBER: LIABILITY. A foreign benefit society, though not doing business for profit, will be liable on a policy issued to a member and stipulated to be void in case of suicide within three years, although the member committed suicide within three years after the date of his membership, unless it has complied with section 1410, Revised Statutes 1899, or it has shown that the deceased contemplated suicide at the time of his application for membership.

Appeal from Putnam Circuit Court.—*Hon. Nat M. Shelton,* Judge.

AFFIRMED.

Brasfield v. Modern Woodmen.

*J. W. White* and *E. C. Ellis* for appellant.

(1) The language of the stipulation is equivalent to a statement that the member killed himself while sane as the act would not be of "his own hand" if he were insane when he fired the shot. This, however, is probably immaterial, as the certificate has the "sane or insane" clause, making it void even though the act should be done if he were at the time in an insane condition. Riley v. Ins. Co., 25 Fed. Rep. 315; Brower v. Ass'n, 74 Mo. App. 490; Bigelow v. Ins. Co., 93 U. S. 918. (2) Where an assured, while in sound mind, takes his own life, the policy is thereby voided, although no provisions are contained in the policy to that effect, as it is against public policy to permit the enforcement of a contract that would mature as a result of a criminal act perpetrated by the assured. Ritter v. Ins. Co., 169 U. S. 139.

*Marshall & Franklin Bros.* and *Ellison & Campbell* for respondent.

(1) Suicide avoids an insurance contract only when the insured contemplated suicide at the time of taking out insurance. R. S. 1899, sec. 7896. (2) Appellant had not complied with the law of this State relating to foreign fraternal societies, and for this reason, alone, can not make any defense in this case. R. S. 1899, sec. 1408, 1410, 1414; Huff v. Sovereign Camp, 85 Mo. App. 96; Toomey v. Sup. Lodge, 74 Mo. App. 507. (3) Appellant is not a fraternal beneficial society as defined by our statute, because its charter and the law of Illinois under which it is organized provides for the payment of benefits to a class of beneficiaries—which our fraternal law prohibits. Keener v. Grand Lodge, 38 Mo.

App. 543; Wagner v. Benefit Society, 70 Mo. App. 161; Ferbrache v. Grand Lodge, 81 Mo. App. 271. (4) The powers of defendant determines the class to which it belongs. Toomey v. Supreme Lodge, 74 Mo. App. 507; Toomey v. Supreme Lodge, 147 Mo. 129.

BROADDUS, J.—The finding and judgment were for the plaintiff in the trial court, from which defendant appealed. The suit is founded on a benefit certificate issued to Perly Brasfield, the husband of the plaintiff, she being the beneficiary. This certificate among many other provisos, provides that in the event the said Perly Brasfield "shall within three years after becoming a beneficial member of this society die by his own hand whether sane or insane" the certificate will become null and void. This certificate was dated the seventh day of August, 1899, and Brasfield died the twenty-seventh day of December, 1899, of a pistol shot from his own hand. For a proper understanding of the case it is necessary to state the material parts of the pleadings.

Plaintiff alleges in her petition that on the ——— day of August, 1899, she was the wife of Perly Brasfield and continued as such until his death on the twenty-seventh day of December, 1899, and is now his widow; that the defendant is a foreign life insurance company organized and incorporated under the laws of the State of Illinois, and has long since and is now doing a life insurance business under the laws of the State of Missouri; avers that in July, 1899, the said Perly Brasfield made application for membership, and soon thereafter was admitted to membership in one of the defendant's lodges and camps, to-wit: Camp 5503 at Unionville, Missouri; that he paid all dues, etc., and was in good standing at the time of his death; that the defendant on the twenty-seventh of August, 1899, issued to him the certificate in suit,

whereby it agreed in case of his death to pay the plaintiff the sum of $2,000.

Defendant's answer in part is as follows: "Defendant admits and alleges that it is and during all of the time mentioned in said plaintiff's petition and in this answer was a secret fraternal beneficiary society, having a lodge system, in the ritualistic form of work and representative form of government, incorporated, organized and existing under and by virtue of the laws of the State of Illinois, and makes provision for the payment of benefits in case of death to the proper beneficiaries of its deceased members by assessments on its surviving members, and carrying on its business in said State of Missouri under authority of such society." Then follow other allegations against the right of plaintiff to recover under the laws of the association, and asserting that as the member died by his own hand within three years from the date of said certificate, the certificate thereby became null and void, and that by reason thereof the plaintiff ought not to recover.

It is insisted that the defendant has shown by its charter and by-laws that it is purely a benevolent fraternal society, and such being the case, the condition in the certificate in suit, that if the member should die within three years from the date thereof by his own hand the same would become null and void; and as it was admitted on the trial that the member committed suicide within that time, the plaintiff can not recover. The Act of 1897, incorporated in the general statutes of 1899, as section 1408, defines what it shall take to constitute a fraternal beneficiary association. It is defined to be "a corporation or voluntary association, formed or organized and carried on for the sole benefit of its members and their beneficiaries, and not for profit. Each association shall have a lodge system, with ritualistic form of work and representative form of government, and shall make provision for payments in case of

death, etc.   *   *   *   The fund from which payment of benefits shall be made, and the fund from which the expenses of such association shall be defrayed shall be derived from assessments or dues collected from its members." Such corporations and associations are expressly exempt from the insurance laws of this State.

A careful examination of the defendant's charter and by-laws undoubtedly shows that the defendant incorporation is carried on for the sole benefit of its members and their beneficiaries, and not for profit. And that in every essential detail it exists and is carried on as a fraternal beneficial association within the meaning of said section 1408, supra.

But the plaintiff insists that not having complied with the terms of section 1409 and 1410, Revised Statutes 1899, the defendant is not exempt from the general life insurance laws of the State, and that, therefore, the proviso in said certificate voiding the same in case of suicide of the member is to be construed by the terms of said general insurance laws. See Revised Statutes 1899, section 7896, which is to the effect that, "in all suits upon policies of insurance on life hereafter issued by any company doing business in this State, to a citizen of the State, it shall be no defense that the insured committed suicide, unless it be shown to the satisfaction of the court or jury trying the cause, that the insured contemplated suicide at the time he made his application for the policy, and any stipulation in the policy to the contrary shall be void."

It is shown by the record that the defendant did not avail itself of the benefit of the Act of March 16, 1897 (Revised Statutes 1899, section 1410), so as to exempt itself from the liabilities of section 7896, supra. The certificate of the superintendent of insurance discloses that it did not comply with the requirement of the fraternal beneficiary laws of the State until the first of March, 1900, whereas, this certificate

in question was issued on seventh day of August, 1899, and his death occurred December 27, following—all in the year prior to that in which defendant began business in this State as a fraternal beneficiary corporation. As the constitutional validity of the Act of March 16, 1897, is not called in question here, it is clear that under the terms of said act, the provision in the certificate exempting defendant from liability in the contingency that the insured committed suicide within three years from the date of the certificate, is not a defense to the plaintiff's demand until it is proved that the member contemplated suicide at the time he made his application for insurance.

However, the defendant contends that: "It is presumed that a foreign corporation, in a suit on a contract made in a domestic jurisdiction, has complied with the local laws which entitles it to make the contract" and cites American Ins. Co. v. Smith, 73 Mo. 368. In that case plaintiff sued on a note which recited that it was for value received in policy No. 221534. The court held that, "the recital in the note was evidence of the issue of the policy—not a void policy, nor one illegally issued, but presumptively a good policy, such a one only as a company authorized to do business in the State could issue. The authority would, therefore, be presumed." But at the same time, the court also further decided that the note offered was only prima facie evidence tending to prove the plaintiff's case; it was subject to rebuttal and as there was no countervailing evidence offered by the defendant, plaintiff was not required to make any other proof. In the case at bar no such question arises. The right of the defendant as a foreign corporation to contract is not denied; on the contrary it is affirmed by plaintiff and she is seeking to enforce such contract. The statute is invoked not for the purpose of invalidating the contract, but for the purpose of determining its legal effect.

The petition alleges that at the dates in question the defendant, a foreign corporation, was doing a life insurance business in the State of Missouri. The answer sets up that it is a fraternal beneficiary association incorporated under the laws of the State of Illinois and is doing a life insurance business under the laws of the State of Missouri. Giving this allegation the most liberal construction favorable to the defendant, it is an averment that it has complied with section 1410, Revised Statutes 1899, supra; otherwise, it must be taken as an admission that it is doing business under the general life insurance laws of the State, which would be fatal to its case. Notwithstanding the defendant may be strictly a secret benevolent fraternal society, as alleged in its answer, it may not be entitled to the benefit of the Act of March 16, 1897, supra. If the defendant had been doing business as a beneficial fraternal society under the statute governing such, the fact that the insured committed suicide would have invalidated the policy. If doing business under the general insurance laws of the State, such fact would not have had that effect. It seems that that was about the only issue in the case, and it was tried upon the theory that defendant must prove that it had availed itself of the statute referred to, in order to escape liability by the general insurance laws of the State. Having failed to make the necessary proof, as we have seen, the defendant ignores that part of the act which provides what it should have done in order to avail itself of that part which exempted it from the terms of the general insurance laws, and stands in this court as it did in the trial court without any defense whatever.

It follows that the case should be affirmed, which is accordingly done. All concur.