FANNIE BRASSFIELD, Respondent, v. THE KNIGHTS
OF THE MACCABEES, Appellant.

**Kansas City Court of Appeals, January 20, 1902.**[*]

1. **Benefit Societies:** INSURANCE: CERTIFICATE: FOREIGN
CORPORATION: SUICIDE. A mutual benefit society, organized
in another State and doing business in this State without complying
with the laws thereof subjecting its officers to the pains and penal-
ties of the statute, must be strictly accountable and is subject to
secion 7896, Revised Statutes 1899, and must pay the beneficiary
named in the certificate, though the assured died by his own hands
and notwithstanding the certificate provided to the contrary.

ON MOTION FOR. REHEARING.

2. **Appellate Practice:** ABSTRACT: RECORD PROPER. An ab-
stract that does not comply with the rules of court can not be
considered, but the record proper may be considered.

Appeal from Putnam Circuit Court.—*Hon. N. M. Shelton,*
Judge.

AFFIRMED.

*John A. Harrison* for appellant.

Defendant, the Knights of the Maccabees, are not within
section 7896, Revised Statutes 1899, of Missouri. That sec-
tion only relates to policies of insurance on life and to noth-
ing else. The Knights of the Maccabees are not an insurance
company. They are a fraternal beneficiary association, and
the insurance laws have no application to them. Section
1408, Revised Statutes 1899, expressly provides that such as-

—————
[*]Received too late to be placed in chronological order.

sociations shall be governed by that act, and shall be exempt from the provisions of the insurance laws of Missouri. Toomey v. Supreme Lodge, 147 Mo. 129; Brasfield v. Modern Woodmen, 88 Mo. App. 208.

*Ellison & Campbell* and *Marshall & Franklin Bros.*, for respondent.

(1)  Appellant is not a fraternal beneficiary association, and, hence, comes under the insurance laws of this State. (2)  By appellant's answer it admitted itself to be an assessment company. (3)  Suicide is no defense to an old-line or assessment company. (4)  If appellant is a fraternal beneficiary association within the meaning of our laws, still it must be treated as an insurance company unless it shows by evidence that it has complied with the laws of the State of Missouri, relating to fraternal beneficiary associations. (5)  It was admitted on both sides that the appellant is a foreign corporation. For authorities supporting the above propositions, see Huff v. Woodmen, 85 Mo. App. 96; Toomey v. Supreme Lodge K. of P., 74 Mo. App. 507; Toomey v. Supreme Lodge, 147 Mo. 129; Brasfield v. Modern Woodmen, 88 Mo. App. 208, and case cited; Revised Statutes 1899, secs. 1408, 1409, 1410, 1411, 1414. (6)  We contend that as shown by appellant's abstract, (a) no appeal has been granted in this case; (b) there is no motion for a new trial filed; (c) there was no leave to file bill of exceptions, nor bill of exceptions filed; (d) there is no contention that there is error in the record proper.

BROADDUS, J.—The plaintiff sues as the widow and beneficiary of Pearly Brassfield. On the twenty-seventh day of December, 1897, said Pearly Brassfield became a member of the defendant association as evidenced by a certain certificate of that date. Said certificate is to the effect that he had been regularly admitted as a member of Unionville Tent No.

32, located at Unionville, Missouri, and that in accordance with, and under the provision of the laws of the supreme tent of the Knights of the Maccabees of the World, he is entitled to all the rights, benefits and privileges of membership therein, and that at his death an assessment on the membership not exceeding in amount two thousand dollars, will be paid as a benefit to Fannie Brassfield, bearing the relationship to him of wife, upon satisfactory proof of his death, together with the surrender of this certificate, provided he shall have in every particular complied with the laws of said supreme tent now in force, or that may hereafter be adopted, and has not untruthfully answered any question in his application for membership, or made untruthful statements therein as shown by said application, which is hereby made a part of said certificate.

Said Brassfield committed suicide on the twenty-seventh day of December, 1899. In his application for membership, he agreed that in case he should commit suicide within five years from the date of his admission to the order, whether sane or insane at the time, the contract should be null and void. Satisfactory proof of his death was made, which will be seen was within five years from the date of his admission to the order. The application by agreement was made a part of the certificate and constituted a part of the contract of insurance. The defense is that the defendant being a fraternal beneficiary society having a lodge system, ritualistic form of work and representative form of government, and making provisions according to its own rules and regulations for the payment of death and other benefits to its members upon the condition mentioned in its laws, it is not liable on account of the death of Brassfield, he having committed suicide. It is further alleged that it was doing business in this State as such association at the time said Brassfield was admitted as a member thereof under and pursuant to its laws, rules and regulations as aforesaid. This case is conceded to be similar to that of Brasfield v. Modern Woodmen, 88 Mo. App. 208, wherein it was held

that the defendant, under the facts of the case, was a fraternal beneficiary association and for the purpose of this case, it may be so conceded, although the plaintiff claims that it is an assessment company.

The defendant is a foreign association having originated in the State of Michigan. Section 1408, Revised Statutes 1899, defines what it takes to constitute a fraternal beneficiary association. Section 1409 prescribes the conditions under which such associations then doing business in the State (the statute was enacted in March, 1897) may continue in business in the State, which are that each one shall comply with the provisions of the act regulating annual reports and the designation of the superintendent of the insurance department as the person upon whom process may be served, etc. This section applies to associations, both domestic and foreign. Section 1410, Revised Statutes, supra, applies to foreign corporations only. Foreign associations not doing business at the time of the passage of the act, in order to be admitted under the privileges of the statute in question, were required to "have filed with the superintendent of the insurance department of the State a duly certified copy of its charter and articles of association, and a copy of its constitution or laws, certified to by its secretary or its corresponding officer, together with an appointment of the superintendent of the insurance department of the State as a person upon whom process shall be served as hereinafter provided," and should have further, "shown to be authorized to do business in the state, province or territory in which it is incorporated or organized."

The defendant's answer shows that it is a foreign corporation, but it does not allege that it was doing business in the State at the time of the enactment of the Act of 1897, or that it began business in the State since its enactment. Nor does it allege that it had complied with either of said sections 1409 or 1410, supra. But instead it alleges that it was doing business in the State "pursuant to its own laws, rules and regulations."

Sections 1420, 1421 and 1422, Revised Statutes, supra, provide for penalties against the officers of any association within the meaning of the act who have failed to comply with its terms. It is presumed from the answer of defendant that it had not complied with said Act of 1897, or it would have alleged it. It was sued on an alleged liability for the death of one of its members it had assured. Its defense is that he committed suicide, which act of the member it claimed voided the contract of insurance under the conditions of the policy or certificate, because it was doing business in the State under its own rules and regulations as a benefit association. The answer falls short of making a defense, because it fails to allege that it was also doing business *under the laws of the* State, for unless it was so doing business, it was acting in disregard of the laws of the State, and subjecting its officers to the pains and penalties of the statute. If it was not doing business at the time it issued the certificate in suit, as a fraternal beneficial association, and also doing business under the *regulation of the statute* in question its liability would be measured by section 7896, Revised Statutes, supra, which provides that "in all suits upon policies of insurance on life hereafter issued by any company doing business in the State to a citizen of the State, it shall be no defense that the insured committed suicide, unless it be shown to the satisfaction of the court or jury trying the cause, that the insured contemplated suicide at the time he made his application for the policy, and any stipulation in the policy to the contrary shall be void." Brasfield v. Modern Woodmen, supra. There was no attempt made to show that the deceased contemplated suicide at the time the certificate was issued. As the defendant must be held to have been doing business in this State as a fraternal beneficiary association, without complying with the laws in question, and its officers thereby violating a penal statute at the same time, it should be held strictly accountable. It is the duty of the courts to uphold the sovereign power of the State in its ef-

forts by wise and judicious laws to protect its citizens from the acts of irresponsible corporations, which was evidently the pur· pose of the legislative enactments we have had under consideration. The cause is affirmed. All concur.

## ON MOTION FOR REHEARING.

Appellant's motion for rehearing will be overruled. Its contention is that it was admitted on the trial that it was lawfully doing business in the State of Missouri, and such being a conceded fact it was error to hold that it was not so doing business in compliance with the statute in that respect; and in support of such contention we are referred to the abstract on file. As the so-called abstract does not comply with the rules of this court, it can not be considered. The original opinion was predicated upon the record proper, and we adhere to it for the reasons therein given.