ANNA EVES, Appellant, v. SOVEREIGN CAMP, WOODMEN OF THE WORLD, Defendant, and ADELIA KERLS (Interpleader), Respondent and VERNETTA EVES, Interpleader.

**St. Louis Court of Appeals, December 30, 1910.**

1. FRATERNAL BENEFICIARY ASSOCIATIONS: Change of Beneficiary. The insured in a certificate issued by a fraternal beneficiary association may change the beneficiary without the consent of the latter, in the absence of prohibition by statute, or by the charter or by-laws of the association, or by the terms of the certificate.

2. LIFE INSURANCE: Policy for Benefit of Married Women: Statutes: Not Retrospective in Operation. The amendments changing section 5854, Revised Statutes 1889, to the form in which it appears as section 6944, Revised Statutes 1909 are not retrospective in their operation.

3. ———: ———: Statute Construed. Under section 5854, Revised Statutes 1889, where no power of divestiture is reserved, the wife and children of insured, named as beneficiaries in a life insurance policy, have a vested right therein.

4. FRATERNAL BENEFICIARY ASSOCIATIONS: Policy for Benefit of Married Women: Statute Construed. Under section 5854, Revised Statutes 1889, where no power of divestiture is reserved to a member of a beneficiary association by the constitution or laws of the association or by the terms of the certificate, there would seem to be no reason for holding that the wife and children of such member, named in the certificate as beneficiaries, would not have a vested right therein.

5. LIFE INSURANCE: Policy for Benefit of Married Women: Statute: Construction. In determining whether section 5854, Revised Statutes 1889 makes a policy of life insurance inure to the wife, subject to such power of divestiture or substitution as may be contained in the contract, or whether it denies the right to reserve such power, it is the duty of the courts to uphold the contract, if it can be done, and effect still be given to the law, as courts will not abridge the freedom of contract without cause.

6. ———: ———: Change of Beneficiary: Statute Construed. Section 5854, Revised Statutes 1889, declaring that "any policy of insurance made by any insurance company on the life of any person, expressed to be for the benefit of any mar-

ried woman shall inure to her separate use and benefit" leaves the parties to a life insurance policy free to contract as they please in regard to the beneficiary and the quality of her interest, and does not deny the right to reserve in the policy the power to revoke the rights of the wife as beneficiary and substitute another in her stead.

7. FRATERNAL BENEFICIARY ASSOCIATIONS: Policy for Benefit of Married Women: Change of Beneficiary: Statute. Even if section 5854, Revised Statutes 1889 is applicable to a certificate issued by a fraternal beneficiary association because it was issued before the association qualified to do business under Acts of 1897, page 132, it does not prevent the member changing the beneficiary from his wife to his sister, where the constitution and by-laws of the association, made part of the certificate, provide that a member may make such a change; said section not denying the right to reserve in the certificate the power to change the beneficiary from the wife to another person.

8. BILL OF INTERPLEADER: Costs: Discretion of Court: Appellate Practice: Fraternal Beneficiary Associations. Where, in a suit on a benefit certificate issued by a fraternal beneficiary association, the claimant of the benefit, as a substituted beneficiary, is required to interplead, and the suit proceeds between plaintiff and the interpleader, the taxation of the cost of the suit against the fund, instead of against plaintiff, on judgment being rendered for the interpleader, was a matter within the sound discretion of the trial court, with the exercise of which the appellate court will not interfere.

Appeal from St. Louis City Circuit Court.—*Hon. Matt G. Reynolds*, Judge.

AFFIRMED.

*Charles Fensky* for appellant.

If, as a matter of law, said original policy wherein plaintiff, Anna Eves, wife of the insured, was named as beneficiary, and dated August 26, 1897, is governed by the general insurance laws, because said Sovereign Camp, Woodmen of the World, at the time of the issuance of said policy was doing business in this state and had not qualified nor taken out a permit to do business in this state as a fraternal benefit society so as to ex-

empt said order and its policies from the provisions of general insurance laws, plaintiff, Anna Eves, remained the wife of said Theodore Eves up to the date of his death, then said policy could not be cancelled nor the beneficiary therein changed by any act of her husband or the defendant order under sec. 7895, Rev. Stat. 1899. United States Casualty Co. v. Kacer, 169 Mo. 313; Gruwell v. Ins. Co., 126 Mo. App. 501; Schmidt v. Ins. Co., 129 S. W. 660.

*Wm. L. Bohnenkamp* for respondent.

(1)   It is universally held that the beneficiary in a fraternal benefit certificate has no vested interest therein.   Masonic Ben. Ass'n v. Bunch, 109 Mo. 579; Wells v. Mut. Ben. Ass'n, 126 Mo. 637; Hoffman v. Grand Lodge B. L. F., 73 Mo. App. 47; Grand Lodge A. O. U. W. v. Reneau, 75 Mo. App. 402; Sup. Council L. of H. v. Neidlet, 81 Mo. App. 598; Morton v. Royal Tribe of Joseph, 93 Mo. App. 78; Carpenter v. Knapp, 105 Iowa 712; s. c., 38 L. R. A. 128; Shipman v. Protective Ass'n, 174 N. Y. 398; Westerman v. Supreme Lodge K. of P., 196 Mo. 739; Dennis v. Lodge, 119 Mo. App. l. c. 218; Grand Lodge Lodge v. O'Malley, 114 Mo. App. l. c. 201; s. c., 213 Mo. l. c. 284; Keene v. A. O. U. W., 38 Mo. App. 543; Relief Ass'n v. Strode, 103 Mo. App. 694; Order of Ry. Conductors v. Koster, 55 Mo. App. 186; Expressman's Aid Soc. v. Lewis, 9 Mo. App. 416; Hoeft v. Supreme Lodge Knights of Honor, 113 Cal. 96, 33 L. R. A. 174.   (2) It is mandatory upon the court to tax the costs against the losing party.   R. S. 1899, sec. 1547; R. S. 1899, secs. 1549 and 1550; Minor v. Garhart, 122 Mo. App. 124; Hawkins v. Nowland, 53 Mo. 328; Dupont v. McLaren, 61 Mo. 511; Bender v. Zimmerman, 135 Mo. 58; Turner v. Johnson, 95 Mo. 452; Schumacher v. Mehlberg, 96 Mo. App. 598; Minor v. Garhart, 122 Mo. App. 124; Bender v. Zimmerman, 135 Mo. 58; Turner v. Johnson, 95 Mo. 431; Bobb v.

Wolff, 54 Mo. App. 515; Plant Seed Co. v. Mitchell Seed Co., 37 Mo. App. 313.   (3)  Although the costs, including an attorney's fee in an interpleader suit brought by a beneficiary association, are first taxed against the fund which was paid into court by such association, in the end, the whole costs, including that taken out of the fund for the plaintiff association, will be charged against the party whose invalid claim caused the proceeding to be instituted.   Woodmen of the World v. Wood, 100 Mo. App. 659; Woodmen of the World v. Wood, 114 Mo. App. 479.

STATEMENT.—This action originated as a suit brought by the plaintiff against the defendant, Sovereign Camp, Woodmen of the World, to recover two thousand dollars upon a benefit certificate.   The defendant filed an answer in the nature of a bill of interpleader, and on leave and by consent paid into court nineteen hundred dollars, which was the amount of the certificate less one hundred dollars allowed it for counsel fees.   An order was made requiring the claimants, Adelia Kerls and Vernetta Eves to interplead, which they did, the latter by Franklin Miller, her guardian *ad litem*.

A trial being had, the court, having heard the evidence, made and entered its decree, adjudging and decreeing that neither Anna Eves nor Vernetta Eves was entitled to anything on account of said certificate or from the funds deposited in court, and dismissing their interpleas.   The court further by said decree ordered that the costs of the proceedings, including a fee of fifty dollars to Franklin Miller, Esq. for services as guardian *ad litem* of Vernetta Eves, be paid out of said fund, and that the balance of said fund be paid by the clerk to Adelia Kerls.

From said judgment and decree, the plaintiff, Anna Eves, after unsuccessfully moving for a new trial and in arrest, has duly prosecuted her appeal to this court.

Interpleader Adelia Kerls is also here on cross-appeal from the action of the trial court in refusing to modify the decree so as to tax the costs against the plaintiff instead of taxing them against the fund.

The conceded facts in the case may be stated as follows: On August 26, 1897, there was executed by Sovereign Camp, Woodmen of the World, and delivered through one of its subordinate lodges located at St. Louis, Missouri, to Theodore Eves, then a member of said lodge, a beneficiary certificate which stated that said Eves "is, while in good standing as a member of this fraternity entitled to participate in its beneficiary fund to the amount of two thousand dollars payable at his death to his wife, Anna Eves, by this sovereign camp. This certificate is issued and accepted subject to the conditions on the back hereof, and those named in the constitution and laws of this fraternity." On the back of said certificate there was a blank form for changing the beneficiary.

The constitution, and laws of said sovereign camp provided that the beneficiary or beneficiaries might be, among others, the member's wife, sister or daughter. They also contained the following provisions:

"Sec. 64. Should a member desire to change his beneficiary or beneficiaries, he may do so upon payment to the sovereign camp of a fee of twenty-five cents, which sum, together with his certificate, he shall forward to the sovereign clerk with his request written on the back of his certificate, giving the name or names of such new beneficiary or beneficiaries, and upon receipt thereof the sovereign clerk shall issue and return a new certificate, subject to the same conditions and rate as the one surrendered, which conditions shall be a part of the new certificate, in which he shall write the name or names of the new beneficiary, or beneficiaries and shall record said change in the proper books of the sovereign camp.

"Sec. 69. The constitution and laws of the sovereign camp of the Woodmen of the World now in force, or which may hereafter be enacted, by-laws of the camp now in force, or which may be hereafter enacted, the application and certificate shall constitute a part of the beneficiary contract between the order and the member."

On July 21, 1906, said certificate was endorsed and cancelled by Theodore Eves and returned to said order with direction from him that another certificate issue in lieu thereof, in which shall be named as beneficiary his sister, Adelia Kerls, for fifteen hundred dollars thereof, and his daughter, Vernetta Eves, for five hundred dollars thereof. Said request for change of beneficiary was in accord with the laws of the order. On August 31, 1906, certificate was issued to said Theodore Eves in lieu of that cancelled, in which was named his said sister and daughter as beneficiaries for the amounts as requested by said Eves, and in other respects like to that first issued. On September 4, 1907, said Theodore Eves duly endorsed and cancelled the last named certificate, and requested of said order that another be issued in lieu thereof and the sole and only beneficiary named therein to be his sister, Adelia Kerls, for said sum of two thousand dollars and on the tenth day of September, 1907, a certificate was executed by the sovereign camp of said order containing such change of beneficiary and in other respects like that last cancelled, and delivered to the local camp at St. Louis, which countersigned it on the sixteenth day of said month; and that prior thereto, and on the fourteenth day of said month, said Theodore Eves died.

At and prior to the issuance of the first certificate in August, 1897, and ever since that time, said sovereign camp has been a purely fraternal beneficiary association in every sense, as distinguished from an ordinary life insurance company, and was organized and existed under the laws of the State of Nebraska.

At the time the first certificate was issued the act concerning fraternal beneficiary associations, approved March 16, 1897, was in force but said sovereign camp had not qualified thereunder. It did so qualify on November 2, 1897.

Of its own motion the court embodied conclusions of law in its decree as follows:

"That Anna Eves, the beneficiary in the certificate issued on the life of Theodore Eves on August 26, 1897, although the Sovereign Camp Woodmen of the World had not qualified under or received permission to do business in this state under the provisions of the Act of 1897, had no vested interest in said certificate or in the benefits provided thereby which her husband, Theodore Eves, could not change without her consent and that the change of the beneficiary therein by Theodore Eves without the consent of Anna Eves to Adelia Kerls and Vernetta Eves was perfectly lawful and permissible.

"That the change of the beneficiary by Theodore Eves from Adelia Kerls and Vernetta Eves to Adelia Kerls without their consent was perfectly lawful and permissible and that at the time of the death of Theodore Eves on September 14th, 1907, the certificate or obligation to Adelia Kerls as the beneficiary was lawful and binding upon all parties to this action and that Adelia Kerls then was, and now is, entitled to the proceeds provided to be paid the beneficiary therein."

CAULFIELD, J. (after stating the facts).—Plaintiff has raised a number of questions upon appeal but they all finally resolve themselves into one: Did Theodore Eves have the power to change the beneficiary in his benefit certificate so as to substitute Adelia Kerls for the plaintiff? If he did, then the judgment of the trial court should be affirmed as to plaintiff. If he did not, then the court erred in its conclusions of law and the judgment should be reversed and the cause remanded.

It is clear that without some statutory provision to the contrary Theodore Eves had the power mentioned.

In the case of Grand Lodge A. O. U. W. v. McFadden, 213 Mo. at page 284, 111 S. W. 1172, the court said:

"It is the universal law that a beneficiary named in a fraternal benefit certificate has no vested interest therein (and cases cited). The designation of the beneficiary in a certificate issued by a fraternal beneficiary association is but a present expression of the member's will, revocable at any time, and unless there is to be found, either in the laws of the state where the association was incorporated or in its charter or by-laws or in the terms of the certificate itself, some provision prohibiting or restraining the right of the member to change the name of the beneficiary, he may do so with the same freedom as he may change the name of a legatee in his will by the making of a new will before the first one takes effect; provided, that where the rules and regulations of the association provide a specific method of changing the name of the beneficiary, such rules and regulations must be substantially complied with in order to effect a new designation. The laws of the association read in evidence expressly provide for the making of a new designation."

In the case at bar there does not appear to be found "either in the laws of the state where the association was incorporated or in its charter or by-laws or in the terms of the certificate itself," any "provisions prohibiting or restraining the right of the member to change the name of the beneficiary." The rules and regulations of the association providing the method of changing the name have been complied with, and "the laws of the association read in evidence expressly provide for the making of a new designation."

Plaintiff's counsel concedes the foregoing, but asserts that having issued the certificate in question, while the Act of 1897 was in force, without having qual-

ified to do business under it, the defendant association was not exempt from, but was subject to, the provisions of the general insurance statutes relating to old line insurance policies just the same as if it were an ordinary insurance company and the benefit certificate an ordinary insurance policy, citing Gruwell v. Knights and Ladies of Security, 126 Mo. App. 501, 104 S. W. 884, and other cases. He then asserts that by section 7895 of the Revised Statutes of 1899, now section 6944, Revised Statutes of 1909, plaintiff became vested at the time of its issuance with an absolute, unconditional, indefeasible interest in the benefit certificate and all moneys represented thereby, which could not be divested or affected by the member, Theodore Eves, changing the beneficiary. Upon the proper answer to this last assertion this case depends.

If said section affects this case it will do so in the form it was in when this certificate issued, August 26, 1897. The amendments changing the section to its present form are not retrospective in their operation. [Blum v. New York Life Ins. Co., 197 Mo. 514, 523, 95 S. W. 317.]     Said section was then section 5854, Revised Statutes 1889 as follows:

"Section 5854.   Policy for Benefit of Married Women.—Any policy of insurance heretofore or hereafter made by any insurance company on the life of any person, expressed to be for the benefit of any married woman, whether the same be effected by herself or by her husband, or by any third person in her behalf, shall inure to her separate use and benefit, and that of her children, if any, independently of her husband and of his creditors and representatives, and also independently of such third person effecting the same in her behalf, his creditors and representatives; and a trustee may be appointed by the circuit court for the county in which such married woman resides, to hold and manage the interest of any married woman in such policy, or the proceeds thereof.   In the event of the death of

such married woman before her husband, the said policy shall inure to the children of such marriage, to the exclusion of creditors and executors and administrators of said husband, any technical words or phrases in the policy to the contrary notwithstanding."

Now as to an ordinary life insurance policy, where no power of divestiture is reserved, there is no doubt that under this statute the wife and children upon the issue of the policy would have a vested right therein. [Blum v. New York Life Ins. Co., supra.]

And there would seem no reason for applying any different rule as to a beneficiary certificate where no power of divestiture is reserved to the member by the constitution, or by the laws of the association or by the terms of the certificate. [Bacon, Benefit Societies and Life Insurance (3 Ed.), sec. 304, vol. 1.]

In the case at bar, the right to change the beneficiary is given by the constitution and laws of the order and forms part of the contract under which plaintiff must claim. The right to reserve such power of divestiture is complete and unrestricted unless the statute forbids it. It would seem then that the case resolves itself into this: Does the statute relied upon by plaintiff make the policy or certificate inure to the wife as it is written, that is, subject to such power of divestiture or substitution as may be contained in the contract, or does the statute deny the right to reserve such power? In determining this question it is our duty to uphold the contract if we can do so and still give effect to the law, as courts will not abridge the freedom of contract without cause. [Price v. Connecticut Mutual Life Ins. Co., 48 Mo. App. 281, 295].

Now when we turn to the section under discussion we do not find any language calculated to abridge the freedom of the insurer and insured to make their contract of insurance as they see fit; neither does plaintiff's counsel attempt to guide us to any such language. The language used is, "Any policy of insurance here-

tofore or hereafter made by any insurance company on the life of any person, expressed to be for the benefit of any married woman . . . shall inure to her sep-arate use and benefit." It is the *policy*, as it may have been or may be made by the insurance company, that inures. There is no attempt disclosed to vary the terms of the contract of insurance or to derogate from the right to contract freely with regard to the beneficiary. On the contrary, before the policy inures it must be *expressed* to be for the benefit of the married woman. That is, the insured and insurer must first of their own free will make their contract so that it will be expressed to be for her benefit. They may omit her altogether if they desire; or they may give her an interest only in common with others. Their power in that respect is left general and unrestricted. Being so, it includes the power to make a qualified appointment and to re-serve the power to revoke and to substitute. [Am. and Eng. Ency. of Law (2 Ed.), vol. 22, p. 1138; Bacon, sec-tion 290, 291.]

It is significant, as bearing upon the proper con-struction to be given this section of the statutes, that out of all the decisions holding unanimously that a beneficiary in a fraternal beneficiary certificate may be changed at the will of the member, no case has been brought to our attention placing the decision upon the ground that the association had been exempted by stat-ute from the operation of the general insurance laws. Nor out of all the very numerous cases holding that the beneficiary has a vested interest in an old line policy, has our attention been called to any so holding, where the policy reserved the right to change the beneficiary.

And our Supreme Court has said that the doctrine that the beneficiary in a benefit certificate may be changed is predicated upon the *form of the benefit cer-tificate*. [Westerman v. Supreme Lodge K. of P., 196

153 App—17

Mo. l. c. 737, 94 S. W. 470.]   In that case the court used this somewhat significant language:

"It is clear, under the well settled law of this state, that plaintiff had no vested right in the benefit certificate in suit at the time of the passage of the Act of 1897.   This was expressly decided in Masonic Ben. Assn. v. Bunch, 109 Mo. 560, 19 S. W. 25, and in that case the certificate involved was issued by a foreign benevolent association prior to the Act of 1881, which is referred to in the case of Kern v. Legion of Honor, 167 Mo. 471, 67 S. W. 252, and which authorized fraternal associations to do business in this state and exempted them from the general insurance laws.   Hence, we take it that the doctrine announced in the Bunch case was predicated upon the form of the benefit certificate."

We have also found that the following Missouri cases, which state the proposition that the beneficiary in an ordinary life insurance policy takes a vested, indefeasible interest, state it with the qualification, "where no power of divestiture is reserved:"   Blum v. New York Life Ins. Co., 197 Mo. 513, 523, 95 S. W. 317; United States Casualty Co. v. Kacer, 169 Mo. 301, 313, 315, 69 S. W. 370; Diehm v. North Western Mut. Life Ins. Co., 129 Mo. App. 256, 261, 108 S. W. 139.

We do not regard the cases cited by the plaintiff and holding that the suicide statute is binding against fraternal associations which had not qualified under the Act of 1897 as being any guide to us in this case. That statute provides that "it shall be no defense that the insured committed suicide, . . . and any stipulation in the policy to the contrary shall be void."   The section we are considering does not provide that it shall be no defense that the insured has changed the beneficiary and that any reservation in the policy of the right to make such change shall be void.   There is no discoverable analogy between the sections.

We have no hesitation in holding that this statute has left the parties free to contract as they pleased in

regard to the beneficiary and the quality of her interest; and that the policy inured to her only as it was made, in this case subject to the right of the member to change the beneficiary. It follows that the plaintiff's interest and that of Vernetta Eves were extinguished by the changes of beneficiaries effected by the member and that the court was right in holding that Adelia Kerls alone was entitled at the time the member died.

As to the question raised by the cross-appeal of interpleader Kerls, the taxation of costs in this proceeding was a matter within the sound discretion of the trial court, with the exercise of which we see no reason to interfere. [Supreme Council Legion of Honor v. Nidelet, 85 Mo. App. 283, 284.]

The judgment of the circuit court is affirmed. *Reynolds, P. J.,* and *Nortoni, J.,* concur.