L. A. MISSEY, Appellant, v. SUPREME LODGE KNIGHTS AND LADIES OF HONOR, Respondent.

**St. Louis Court of Appeals, February 21, 1910.**

1. **Fraternal Beneficiary Associations: Particular Manner of Carrying on Work not Material.** The particular manner in which a fraternal beneficiary organization carries on the details of its work and government are not under the scrutiny nor subject to the criticism of the courts, so long as it appears its operations are carried on in good faith, in accordance with the statute relating to benevolent societies.

2. ——: ——: **Effect of Appointing, Instead of Electing, Officers.** The fact that some members of the governing body of a fraternal beneficiary association are appointed and not elected does not subject the association to the charge that its affairs are not conducted by a representative body, so as to make it subject to the general insurance laws of the State.

3. ——: **Evidence Held Sufficient to Show Defendant Conducted Business as Beneficiary Association.** Evidence *held* to warrant a finding that defendant was an organization carrying on business under the benevolent or mutual benefit plan, so as not to be subject to the general insurance laws of the State.

4. ——: ——: **Evidence: Certificate to do Business Prima-Facie Evidence.** A certificate of a fraternal beneficiary association to do business in this State is prima facie proof that it had the necessary requirements of such an association.

5. ——: **Foreign Company Licensed in this State: Powers of.** A foreign life insurance company authorized by the Superintendant of the Insurance Department to do business in this State as a fraternal beneficiary association cannot issue certificates of membership, or make contracts of insurance, on any other plan.

6. ——: **Beneficiary not Related to Insured: Policy Provisions.** Where the constitution and by-laws of a fraternal beneficiary association require the beneficiary to sustain a certain relation-

ship to insured, and provide that every certificate issued to a member who shall have designated in his application as beneficiary a person who is not entitled to take such benefit shall be void, a certificate designating, in pursuance of the application, the beneficiary as "cousin, first degree" of insured, when not related to him in any degree, is void.

Appeal from Jefferson Circuit Court.—*Hon. Joseph J. Williams,* Judge.

AFFIRMED.

*W. P. Crites, Byrns & Bean* and *Louis A. Steber* for appellant.

(1) The statute provides, *inter alia,* that a fraternal beneficiary association must have a "representative form of government." Sec. 1408, R. S. 1899; Westerman v. Knights of Pythias, 196 Mo. 670; Gruwell v. National Council, etc., 126 Mo. App. 496; Brasfield v. Modern Woodmen, 88 Mo. App. 208; Supreme Lodge v. Simmering, 88 Md. 276. In order that the society shall have a representative form of government as required by the statute, the general control of the affairs of the society must be in the hands of directors elected by the membership. State v. Bankers Union, etc., 71 Neb. 622; Lange v. Royal Highlanders, 75 Neb. 188. The law creates the corporation, prescribes its membership, etc., and when "the statute law creating it is silent, as to what shall constitute a legal assembly, the common law, both in England and in this country is well settled, that the majority of the members elect shall constitute the legal body." Heiskell v. Mayor, etc., 65 Md. 125. (2) If "the policy in controversy is not to be treated as a death benefit certificate issued by a fraternal beneficiary association, it should be classed as one issued by an" insurance company "and thus brought within the operation of the statute" relating to life insurance companies. Kroge v. Modern Brotherhood, 126

Mo. App. 693. (3) It is the rule with us that one may, of his own free will in good faith, insure his life, paying the premiums therefor himself, for the benefit of another who has no insurable interest therein and the policy will be held valid." Locher v. Kuchenmiester, 120 Mo. App. 701; Deal v. Hainley, 116 S. W. 1. (4) If the society so changes its articles or by-laws, or so conducts its affairs, that it does not answer to the definition of a beneficial society, it is not exempt, as such, but must be treated as a life insurance company. International, etc., Alliance v. State, 86 Mo. 550. (5) The fact that the defendant society calls itself fraternal or that the Secretary of State or Superintendent of Insurance issued a statutory permission to do business as such, does not aid the defendant, or help to make it a fraternal beneficiary association, nor change its character or status as such. Herzberg v. Brotherhood, 110 Mo. App. 328; Gruwell v. National Council, etc., 126 Mo. App. 496. (6) Where in construing the policy of a benefit society organized under the laws of a foreign State it is found that the laws of that State and this State are different, the Missouri statute controls. Herzberg v. Brotherhood, 110 Mo. App. 328. Though misrepresentations are willfully false and made with the fraudulent purpose of securing a policy, and but for them defendant would not have issued the policy, yet if they are matters, which did not contribute to the death of the insured the policy is validated by the terms of section 7890, Revised Statutes of Missouri 1899. Ashford v. Ins. Co., 98 Mo. App. 505; Kern v. Sup. Council, etc., 167 Mo. 471; Herzberg v. Brotherhood, 110 Mo. App. 328.

*E. M. Dearing* for respondent.

(1) Every presumption will be indulged to sustain the finding of the court below. Currey v. Bank, 100 Mo. App. 532. (2) It is the duty imposed by law

upon the trial judge to pass upon the weight of evidence, and the appellate court cannot do so; it is not its province to review a case on its merits where it is supported by any substantial evidence. Everman v. Eggars, 106 Mo. App. 732. Where there is evidence tending to sustain the trial court's finding of facts, the appellate court will not disturb that finding. Dobbins v. Humphreys, 171 Mo. 198; Hunt v. Ancient Order of Pyramids, 105 Mo. App. 41. The finding of a court, in a case tried without a jury, will not be reviewed by the appellate court when there is substantial evidence to support it. Faunlage v. Nagle, 105 Mo. App. 471. (3) No one can become a beneficiary in a fraternal benefit society who does not belong to some one of the classes of persons named in the statute as a beneficiary. Dennis v. Modern Brotherhood of America, 119 Mo. App. 210. (4) Where the monthly assessments and dues are not unalterably fixed, and the liability incurred by the association is not fixed and unalterable, but the amount of assessments depends on stated conditions, and the amount to be paid in case of death of a member turns on the amount realized from assessments, the certificate is not a policy of insurance like one in an old-line company; and if the contract provides that all liability on the part of the association shall cease upon failure of the member to pay his dues or assessments, the non-forfeiture statute can have no application. Westerman v. Knights of Pythias, 196 Mo. 670.

REYNOLDS, P. J.—Action by one Letitia A. Missey on a benefit certificate issued to one Frank D. Arnold as a member of Dorothy Lodge 2424, of the Knights and Ladies of Honor. The certificate entitles Arnold "to all the rights and privileges of membership in the order of Knights and Ladies of Honor and to participate in the relief fund of the order to an amount not exceeding $1000," this sum payable at his death "to his first cousin, L. A. Missey," who is the plaintiff in this

case. Arnold died, being in good standing in the order, and payment of the claim to plaintiff being refused, she brought this suit. It is provided by the constitution and laws of the order, that all benefits are payable to a member's wife, husband, children and children of deceased children, grandchildren, parents, brothers and sisters of the whole blood, brothers and sisters of the half blood, grandparents, nieces and nephews, cousins in the first degree, aunts, uncles, next of kin, who would be distributees of the personal estate of such member upon his death intestate. These constitute what are called the first class of those who may be designated as beneficiaries. Of the second class are persons who are dependent upon the member for maintenance, such as food, clothing, lodging or education, and it is provided that written evidence of the dependency within this last class must be furnished to the satisfaction of the supreme secretary before a relief fund certificate can be issued. In the application for membership which the deceased signed, he warranted the statements in his answers to the questions, and contracted that if any of them was untrue, he should forfeit the rights of himself or family or dependents to any of the benefits or privileges of the order, and he stated in his application, that he directed the payment of the benefit to "L. A. Missey, related to me as cousin. First degree."

The petition in the case charged that the defendant was an insurance company. The answer denied this and set up that it was a corporation duly incorporated under the laws of the State of Indiana, as a fraternal, benevolent beneficial association, order, or society, and as such authorized to do business in the State of Missouri, and it contested payment on the ground that the beneficiary named was not within any of the classes above specified as entitled to be designated as a beneficiary; it plead the provisions governing the classification of beneficiaries, as above, and also section 10, of law 4, of the constitution and by-laws of the order, which pro-

vides: "Every relief fund certificate issued to a member, who shall have designated in his application as beneficiary, a person who is not entitled to take such benefit under relief fund law 4, shall be null and void, and all rights of such person named as beneficiary shall be forfeited."

The case was tried before the court, a jury having been waived, and the plaintiff was asked in her cross-examination, what relation she was to deceased, to which she answered, "None whatever." She was asked if she was his cousin in any degree. She answered that she was not, in any degree, and in answer to the question as to whether she was dependent upon him for support, she answered that she was not dependent upon him, that the deceased, Frank D. Arnold, was a friend of their family but no relation or connection whatever. As stated, the claim of the plaintiff was that this defendant was not a representative beneficial organization, within the meaning of our law, but an old line insurance company. This issue was submitted to the court, who heard the testimony adduced in support of the contention of plaintiff and at the conclusion of it found in favor of the defendant and rendered judgment accordingly. From this the plaintiff has prosecuted her appeal.

To repeat, the contention of plaintiff is that our statute provides, *inter alia,* that a fraternal beneficial association must have a representative form of government, and that the true test as to whether defendant is a fraternal beneficial association is, "is it formed or organized and is it carried on for the sole benefit of its members and their beneficiaries and not for profit? Has it a lodge system, with a ritualistic form of work and a representative form of government?" Plaintiff's learned and industrious counsel base their contention for these propositions on the cases of Westerman v. Supreme Lodge Knights of Pythias, 196 Mo. 670, 94 S. W. 470; Brasfield v. Modern Woodman, 88 Mo. App. 208;

Gruwell v. National Council Knights and Ladies of Security, 126 Mo. App. 496, 104 S. W. 884; and they contend that in order that the society shall have a representative form of government, the general control of the affairs of the society must be in the hands of directors elected by the membership. Admitting these propositions to be correct in law and admitting that there does not appear to be any evidence that ritualistic form of work was carried on, still the evidence afforded by the constitution and by-laws of the order, and the testimony given by witnesses, as to the manner in which the affairs of defendant are conducted, are sufficient to show that the operations of the defendant were controlled by representation or a representative government, in the sense that the grand and supreme lodges were constituted either of direct representatives from the subordinate lodges or by past officers of the order, elected or appointed as provided by the constitution of the order. The particular manner in which an organization of this kind carries on details of its work and government are not under the scrutiny nor subject to the criticism of the courts, so long as it appears that the operations of the company are carried on in good faith, in accordance with the statute relating to benevolent societies. Nor does the fact that some members of the governing body are appointed and not elected, subject the body to the charge that its affairs are not conducted by a representative body. The by-laws and the constitution of the order were in evidence before the court; there was evidence showing how its business was carried on; among other evidence in the case was the certificate of authority to do business, granted to it by the insurance superintendent of this State, as a benevolent association or society, so that there was evidence on which the court was warranted in finding that the defendant was an organization carrying on business under the benevolent or mutual benefit plan, in which event, it is not subject to the general insurance laws of this State.

At the trial in the circuit court, no point was made as to whether the defendant had "a ritualistic form of work," the sole point made by the instruction asked and by contention during the trial was that it did not have "a representative form of government." We might refuse to now consider the point now made, that it had not proven that it had a ritualistic form of work. When the defendant introduced its certificate to do business in this State as a fraternal beneficiary association this was at least prima-facie proof that it had the necessary requirements of such an association. That it is carrying on business solely on the assessments plan and has a lodge system is clear. By no construction can it be held to be such an association as is amenable to our statutes governing insurance companies. The only form of insurance this defendant had power to carry on in this State by the certificate of the superintendent of the insurance department of the State, and the only form of insurance it could do under its charter and constitution was on the assessment plan. As we held in Smoot v. Bankers Life Ass'n, 138 Mo. App. 438, 120 S. W. 749, it could issue certificates of membership or contracts on no other plan. If it exceeded its powers and issued contracts outside of them, its members or their beneficiaries would be on very precarious ground when seeking to enforce them. By the constitution and by-laws of the order, no member could designate a beneficiary who did not fall within some one of the classes above referred to. Confessedly this plaintiff was not of either class and was not entitled to the benefits of the order.

The judgment of the circuit court is right and is affirmed. All concur.