HENRY KRIBS, Appellant, v. UNITED ORDER OF FORESTERS, Respondent.

**St. Louis Court of Appeals, February 4, 1913.**

FRATERNAL BENEFICIARY ASSOCIATIONS: Establishing Status: Burden of Proof. A foreign corporation, sued on a life insurance policy, which sets up in its answer that it was organized as a fraternal beneficiary association and was admitted to do business in this State as such, under article 10, chapter 33, Revised Statutes 1909, has the burden of establishing such allegation, and, in the absence of proof thereof, it is error for the trial court to direct a verdict for such corporation on the theory that it is entitled to the rights and immunities granted to fraternal beneficiary associations by the statute.

Appeal from St. Louis City Circuit Court.—*Hon. Charles Claflin Allen,* Judge.

REVERSED AND REMANDED.

*Conrad Paeben* and *Joseph A. Wright* for appellant.

Although the answer alleges defendant had been authorized since 1902 to do business in Missouri as a foreign fraternal beneficiary society, that allegation is

specifically denied in the reply. The record is barren of any evidence that defendant had been thus admitted in Missouri. Under these circumstances, defendant cannot claim any of the rights or immunities of a fraternal order. Thompson v. Royal Neighbors of America, 154 Mo. App. 109; Orderheide v. M. B. A., 158 Mo. App. 677; Schmidt v. United Order of Foresters, 228 Mo. 675.

*Robert & Robert* for respondent.

(1) (a) The defendant is a fraternal organization conducting its business on the lodge system, with representative form of government, with ritualistic form of work, and limiting its certificate holders to its own members and provides for the relief of its members' families, widows, orphans and kindred dependents from the proceeds of assessments upon its members. Hence the statutes relating to assessment companies do not apply to it. R. S. 1909, sec. 6962; R. S. 1909, secs. 7109-7121. (b) The petition states that defendant is a foreign corporation doing business in Missouri under and by virtue of the laws of Missouri. And the evidence of plaintiff shows that it is "organized and carried on for the sole benefit of its members and not for profit;" that it has "a lodge system with ritualistic form of work and representative form of government;" that it provides that "death benefits shall be to the families, heirs, blood relatives, affianced husband or wife or to persons dependent upon the member." R. S. 1909, sec. 7109. (2) (a) Foreign corporations are presumed to have complied with the law of this State and the burden of proof was on plaintiff to show noncompliance. Shoe Mchy. Co. v. Ramlose, 210 Mo. 649; Insurance Co. v. Smith, 73 Mo. 368; State to use v. Hudson, 86 Mo. App. 501; Parlin v. Boatman, 84 Mo. App. 67. (b) But as plaintiff alleged that defendant was "doing business under and by

virtue of the laws of the State of Missouri," he is estopped to deny that fact now.

REYNOLDS, P. J.—It is averred in the petition in this case that defendant is and was at all times in the petition mentioned, a corporation duly organized and existing under the laws of the State of Wisconsin and doing a life insurance business in Missouri as a foreign corporation under and by virtue of the laws of the State of Missouri. Three several contracts or certificates are then set up, all dated October 19, 1908, by each of which the defendant agreed that upon the death of William F. Kribs, while a member in good standing, to pay the beneficiaries named the sum of $1000, in the proportions specified; that is to say, two-thirds to the plaintiff Henry Kribs, an uncle, and one-third to Lizzie Gibson, an aunt of William Kribs, it being averred that Lizzie Gibson had assigned her right and interest to plaintiff, appellant here. Judgment is prayed on each of the certificates in the sum of $1000, a total of $3000.

The answer as to all three counts admits that the defendant is a corporation duly organized and existing under the laws of the State of Wisconsin but denies that it is transacting a life insurance business in Missouri as a foreign corporation but states that it is organized and incorporated as a fraternal benefit society on the lodge system, with ritualistic form of work for the sole benefit of its members and beneficiaries and not for profit, on the assessment plan and to insure the lives of its members, furnish relief and insurance protection to its indigent and disabled members and their beneficiaries and to promote morality, patriotism and good citizenship. It is further averred that it was admitted to do business in the State of Missouri on the 6th of January, 1902, under and by virtue of the statutes of the State of Missouri, chapter 12, article 11, Revised Statutes 1899 (now article 10,

chapter 33, Revised Statutes 1909), and has since that time and at all times thereafter complied with those statutes and has been duly licensed for said purpose under those statutes.

A reply was filed to this in which the plaintiff denies that the defendant is a fraternal beneficiary society; denies that the defendant was admitted to do business in the State of Missouri, January 6, 1902, under and by virtue of the statutes of the State of Missouri, chapter 12, article 11, Revised Statutes 1899, and denies that it has since that time complied with those statutes and been duly licensed for that purpose under those statutes.

Plaintiff introduced in evidence the certificates which had been issued to him and his assignor; introduced the articles of incorporation, constitution and by-laws of defendant and the application of Kribs for membership; also evidence of the assignment and of the death of Kribs, as well as other evidence showing the financial condition of the defendant. But he made no admission whatever and introduced no evidence tending to show that the defendant corporation, admittedly a foreign corporation, had ever complied with the provisions of the statutes of this State governing the admission of foreign benevolent or assessment corporations into this State. The defendant introduced no evidence whatever.

At the conclusion of plaintiff's evidence the court instructed the jury that plaintiff could not recover. Whereupon plaintiff took a nonsuit with leave to move to set it aside. Filing that motion and saving exception to it being overruled, plaintiff has duly appealed to this court.

Among other assignments of error by appellant is this: That although the answer alleges defendant had been authorized since 1902 to do business in Missouri as a foreign fraternal beneficiary society, that allegation is specifically denied in the reply. It is

claimed that the record is barren of any evidence that defendant had been thus admitted to do insurance business in Missouri, as either an assessment or benevolent association. Hence appellant claims that the defendant cannot set up any of the rights or immunities of either an assessment or a fraternal order.

We think this assignment is well taken. Admittedly the defendant is a foreign corporation. There is no evidence whatever that it is authorized to do any kind of business in this State. We are therefore bound to treat its business as insurance and its policies or its certificates issued in this State, as falling under the laws applicable to regular insurance companies or to insurance companies incorporated under the laws of this State and doing business on the assessment plan. To avail itself of the provisions of article 11, it is necessary for it to appear that it possessed the license and authority to do business in this State at the time when the contracts were entered into between it and the plaintiff. As this was neither admitted nor proven and as the evidence was admitted by the trial court and evidently construed by the learned trial judge on the theory that this was a corporation authorized to do business in this State as a benevolent association, and entitled therefore to have the laws relating to such corporations applied to the construction of its contracts, we cannot sustain the finding and judgment of the trial court. The case of Schmidt v. Supreme Court United Order of Foresters (this very same organization), 228 Mo. 675, 129 S. W. 653, is conclusive on this proposition. In this view of the case, it is unnecessary to notice other assignments of error.

The judgment of the circuit court is reversed and the cause remanded. *Nortoni* and *Allen, JJ.,* concur.