MARGARET H. O'NEAL, CURATOR, Respondent, v. THE GRAND LODGE OF THE BROTHERHOOD OF RAILROAD TRAINMEN, et al., Appellants.

In the Springfield Court of Appeals, February 27, 1924.

1. **INSURANCE:** Association Held Old Line Company Without Power to Forfeit Policy for Misrepresentation of Matter not Contributing to Assured's Death. Foreign association doing business among

O'Neal v. Grand Lodge, B. of R. R. T.

members without conforming to State insurance laws, and issuing policies payable by its constitution from fund established by members, *held* an old line company, within Revised Statutes 1919, sec. 6242, and hence without power to forfeit certificate, issued before passage of section 6249, to one over forty-five years of age, contrary to its constitution, for misrepresentation of insured's age, which did not contribute to his death.

2. **INSURANCE: Members of Association Issuing Benefit Certificate Held Not Partners Individually Responsible for Entire Loss.** The contract between the Grand Lodge of Railway Trainmen and members thereof *held* not to contemplate that each member of the association is to be personally responsible for an entire loss, but that the Grand Lodge will collect from the various members their dues and pay to the beneficiaries any loss sustained under a certificate which has been collected from the various members.

3. **EVIDENCE: Admissions as to Issues Involved Held not Admission of Liability of Individual Defendants.** In action on benefit certificate, defendants' admission that only controversies were as to insured's age and defendant's power to issue policy to him, *held* not admission of liability of individual defendants as members of association.

Appeal from the Circuit Court of Greene County.—*Hon. Guy D. Kirby*, Judge.

AFFIRMED (*in part*) and REVERSED (*in part*).

*John T. Sturgis* and *Frank B. Williams* for appellant.

*G. G. Lydy* for respondent.

FARRINGTON, J.—This is a suit brought upon a certificate of insurance issued by the defendant Grand Lodge of the Brotherhood of Railroad Trainmen. The amount agreed to be paid in case of the death of John C. Smithmier was $1200. The plaintiff made the individuals Halls, Crain, Kerns, Banks and McBride defendants on the theory that the association or organiza-

tion was a partnership and that they were responsible and individually liable for the payment of the loss sustained under this policy. A judgment was rendered by the trial court for the full amount of the policy with interest, from which all of the defendants appealed.

The trial court made the following finding of facts:

"1. That the Brotherhood of Railroad Trainmen is and was prior to the 6th day of August, 1916, a labor organization, consisting of one Grand Lodge and a large number of Subordinate Lodges."

"2. That one of said Subordinate Lodges was on said date and is located at Springfield, Missouri, and was and is known as D. H. Nichols Lodge No. 167."

"3. That the membership of said Grand Lodge and Subordinate Lodges is confined to persons of one hazardous occupation, to-wit, Railroad Trainmen engaged in the hazardous occupation of managing and operating railroad trains."

"4. That said Grand Lodge and Subordinate Lodges are unincorporated, are without capital stock, and are organized and carried on not for profit, but solely for the mutual benefit of the beneficiaries of such members as may belong to the Beneficiary Class and as may hold Beneficiary Certificates issued by the Grand Lodge."

"5. That said Brotherhood has a lodge system and ritualistic form of work and representative government."

"6. That the Grand Lodge is the supreme legislative and governing body, and that the Brotherhood has adopted a Constitution governing said Grand Lodge and governing all the members of the organization, and has adopted certain general rules which have to do with the relations between its members *inter sese* and between them and their employers, and has adopted a Constitution governing said Subordinate Lodges; and that said Constitutions and General Rules and the Beneficiary Certificate, when issued, constitute the contract between the Beneficiary Member and the Organization,"

"7. That in and by said Constitutions, the membership of the Organization is divided into two classes, to-wit; Beneficiary Members and Non-Beneficiary Members."

"8. That members under the age of 18 and over the age of 45 years, both inclusive, and members suffering from certain disabilities, constitute the Non-Beneficiary Class; and that members above the age of 45 years are ineligible to membership in the Beneficiary Class, and that said Constitutions provide that no person can become a Beneficiary Member who is above the age of 45 years on the day his application is presented to the Lodge."

"9. That on the 6th day of August, 1906, plaintiff's decedent, John C. Smithmier, made and submitted to the then Grand Secretary and Treasurer of the Grand Lodge, thru the said Subordinate Lodge, his written application for Beneficiary Certificate, Class B., upon the regular blanks supplied by the Grand Lodge for that purpose."

"10. This in his said application, the said John C. Smithmier stated as follows:

"'I, John C. Smithmier, hereby make application thru Lodge No. 167 for the Beneficiary Certificate, Class B, $1000, in the Brotherhood of Railroad Trainmen, and for that purpose make the following statements as the basis of the contract between said Brotherhood and myself:

"'(a) Postoffice address—Springfield. (b) Occupation—Railroad brakeman. (c) Married or single—Married. (d) Date of birth, Year—1864, Month—August. Day of Month—23. (e) Age—41, 11 months.' and further stated in said application:

"'I, the undersigned applicant, hereby agree that all the foregoing statements and answers to questions, in forms A and B, I adopt as my own, admit to be material, warrant to be true, full and complete, and make the basis of the 'contract with said Brotherhood, and, in the

event any untrue or incomplete statements or answers have been made, this contract shall be null and void.'

(Signed) John C. Smithmier.''

''11. That the Grand Lodge Officers, charged with the duty of passing upon said application, had no information as to the date of birth and age of said John C. Smithmier, other than the information contained in said application.''

''12. That said John C. Smithmier was, in fact, born on the 27th day of August, 1859, and was on the date of said application of the age of 46 years, 11 months, and 9 days; and that none of the officers of the Grand Lodge were aware of this fact prior to the death of the said John C. Smithmier.''

''13. That the Beneficiary Certificate, herein sued on, numbered 36135, was issued by the Grand Lodge of the Brotherhood of Railroad Trainmen on the 14th day of September, 1906, upon the faith of said application, and was accepted by plaintiff's decedent, John C. Smithmier, on the 17th day of September, 1906, and expressly provides:

'' 'This certificate is issued on the express conditions that said John C. Smithmier shall comply with the Constitution, By-Laws, Rules and Regulations now in force or which may hereafter be adopted by the within named Brotherhood, which as printed and published by the Grand Lodge of said Brotherhood are made a part hereof.' ''

''14. That under the said Beneficiary Certificate and the Constitution and By-Laws of said Brotherhood, the said John C. Smithmier was on the 6th day of August, 1906, ineligible to membership in the Beneficiary Class of said Brotherhood.''

''15. That in said Beneficiary Certificate, as originally issued, Lillie L. Smithmier, wife of said John C. Smithmier, was designated as Beneficiary, and that afterwards, on the 13th day of June, 1916, the said John C. Smithmier revoked his direction as to payment of

said certificate and directed that said payment, in event of his death, be made to Gladys L. Sturdevant, the plaintiff's ward, and that said Grand Lodge, on the 13th day of July, 1916, by A. E. King, its Grand Secretary and Treasurer, transferred said Certificate on the books of the Grand Lodge in accordance with said request and direction and returned the same to said John C. Smithmier.''

"16. That on the 16th day of September, 1916, at Springfield, Missouri, said John C. Smithmier met his death by means of a gunshot wound. ''

"17. The Court finds that the Certificate sued on was issued on the 14th day of September, 1906, and that at that time the defendant was a foreign organization or company, with headquarters at the City of Cleveland, State of Ohio, operating under the laws of Ohio, and that at the said time had no license or authority to transact business in Missouri from the Superintendent of Insurance, and that defendant was not organized under the laws of the State of Missouri and never appointed the Superintendent of Insurance of the State of Missouri in writing to receive service of process.''

The first 16 paragraphs of which were made at the suggestion and request of the defendants, and the 17th at the court's own motion, to which the defendants excepted. An additional fact which we may state is that the Constitution of the Grand Lodge of the Brotherhood of Railroad Trainmen provides for a regular assessment on all its members and a fixed amount in monthly payments to those holding insurance certificates, creating what is termed a Beneficiary Fund, out of which fund death claims shall be paid.

The appellants have practically abandoned two points made in the original brief, one going to the party plaintiff and the other that a suit in equity might be brought to cancel a policy obtained by fraud notwithstanding the death of the assured. The attorneys for appellants admit that the Supreme Court has ruled against them on these two points.

The principal contention now being made is that under the Constitution of the defendant it had no power to issue the benefit certificate to applicants over the age of 45; that the Constitution limited the officers of the Grand Lodge, or any one for it, and prohibited them from issuing a policy for one who had attained a greater age. The other point goes to the liability of individual defendants who were merely members of the order.

It was admitted that defendant F. M. Hall is a delegate and Member of the Grand Lodge and has been a member of the order for 28 years; that Paul Banks is Secretary of the Local Lodge and has been a member of the order for 10 years; that J. P. Kerns is Treasurer of the Local Lodge and has been a member of the order for 22 years; that J. H. Crain was Financier of the Local Lodge at the time the policy was issued; that Charles H. McBride is a member of the Local Lodge, was Treasurer, and has been a member for 20 years; and that Local D. H. Nichols Lodge, No. 167, is one of the Subordinate Lodges connected with the Brotherhood of Railroad Trainmen and under the jurisdiction of the Grand Lodge of the Brotherhood of Railroad Trainmen. It is shown that J. H. Crain's signature was attached to the Certificate merely as certifying the acceptance of the insurance Certificate by Smithmier.

In support of the contention made by appellants that the defendant, the Grand Lodge of the Brotherhood of Railroad Trainmen, had no power to issue a certificate to one over 45 years of age, the same being an *ultra vires* act and was a Constitutional provision that could not be waived, are cited the following cases: Daffron v. Modern Woodmen, 190 Mo. App. 303, 176 S. W. 498; Lavin v. Grand Lodge A. O. U. W., 104 Mo. App. 1, 78 S. W. 325; Galvin v. Knights of Father Matthew, 169 Mo. App. l. c. 509, 155 S. W. 45; Wood v. Supreme Ruling, 72 N. E. 783; Steele v. Fraternal Tribunes, 215 Ill. 190, 74 N. E. 121; Warren v. Grand Lodge Brotherhood of Railroad Trainmen, decided at the

October Term, 1922, Illinois Court of Appeals (citation of book and page not available).

We think the answer made by respondent to these cases, especially the Missouri authorities, is a good one, in that they are cases where the matter misrepresented did contribute to the death of the insured, or cases where defendants had complied with our insurance laws and hence were entitled to the exemption given to fraternal and other associations or organizations from the requirements and provisions of our statutes relating to old line companies.

Appellants contend that it being shown by the Constitution that this organization is not permitted to issue a Certificate to one over 45 years of age, that it being a Constitutional provision is one that cannot be waived either by the Grand Officers or local officers, and the act of doing so was *ultra vires* and not binding on the membership. We have held this to be good law in the Daffron case, heretofore cited, where the defendant was a fraternal beneficiary society, having fully complied with the laws of the State relative to such associations. No case, however, has been cited by appellants in missouri which would apply this doctrine to an association, such as the defendant in this case, which has not complied with the laws that would entitle it to the exemptions from regulations and statutes governing old line companies.

On the other hand, we find some authorities cited by the respondent, such as Murphy v. Brotherhood of Railroad Trainmen, 199 S. W. 730, and Shadley v. Grand Lodge Brotherhood of Railroad Trainmen, 254 S. W. 363, holding this same defendant on a similar Certificate as being governed by the provisions relative to old line life insurance.

The case of Andrus v. Business Men's Accident Ass'n of America, 223 S. W. 70, seems to us precludes the appellant in its contention here. In that case a company organized under the chapter pertaining to

insurance on the assessment plan, issued a policy which the Supreme Court held was not an assessment policy. It is written in the Constitution of that organization by virtue of the statutes under which the association was organized that it could not insure persons over the age of 60 years, and yet the Supreme Court held in that case that it would be liable on the policy issued even though the applicant was over 60 years of age, because the business it was doing in relation to that policy was not on the assessment plan; and the substance of that opinion is that the defendant company there, which was prohibited by the statutes of Missouri from insuring one over 60 years of age, would be held to the payment of a loss to one who was over 60 years when it had issued a policy not on the assessment plan.

It has been held in a number of cases since the case of Williams v. St. Louis Life Insurance Co., 189 Mo. 70, 87 S. W. 499, that unless the contract shows that the parties understood that the amount of money to pay the insurance promised was to be gathered, in whole or in part, by assessments upon holders of policies in the same class or category, that the transaction would be held as old line insurance. [See, also, Lee v. Missouri State Life Insurance Co., 238 S. W. 858.]

It was held in a dissenting opinion by BRADLEY, J., of this court, which opinion was adopted by the Supreme court, in the case of Burgess v. Pan-American Life Insurance Co., 230 S. W. 315, l. c. 321:

"The effect of misrepresenting age, like the misrepresentation of any other fact, is governed absolutely by the statute, supra, and not by contract of the parties. The statute, supra, provides: 'No misrepresentation made in obtaining or securing a policy of insurance on the life or lives of any person or persons, citizens of this State, shall be deemed material, or render the policy void, unless the matter misrepresented shall have actually contributed to the contingency or event on which the policy is to become due and payable and whether it

so contributed in any case shall be a question for the jury. . . . '

"The non-forfeiture statute (section 6937, supra), controls, and defendant in the case at bar submitted to the jury the question as to whether insured's excess age over that he represented contributed to his death, and that issue was determined by the jury against defendant, and therefore settles that controversy. I do not think that the demurrer should have been sustained on any ground urged." [See, also, Edwards v. American Patriots, 162 Mo. App. 231, 144 S. W. 1117; Kribs v. United Order of Foresters, 171 Mo. App. 87, 153 S. W. 571.]

It is held in Schmidt v. Supreme Court United Order of Foresters, 228 Mo. 675, 129 S. W. 653, that a foreign fraternal beneficiary association cannot claim the benefit of exemption provided by the statutes of this State until such time as it places itself in a position to claim them. If it does, then the exempting statutes are read into the contract and become a part thereof, but until it does, the general law must be read into each contract made with a citizen of this State.

The Certificate in this case was issued in 1906, long prior to the passage of section 6429, Revised Statutes 1919. The Schmidt case holds further, that if a general law once becomes a material constituent part of the contract, it cannot be eliminated therefrom by any subsequent act of the company, or by any stipulation contrary thereto, placed in the contract by it and accepted by the citizen.

It has been held in a number of cases, unnecessary to cite here, that it is the form of policy and not the nature of the company that determines the character of the insurance. In this case, we have an association carrying on an insurance business among its members, having taken no steps to conform to any of the Missouri insurance laws. By its Constitution these policies are paid out of a fund which is established by its members,

and losses are not paid each time by an assessment for such loss. This, under the rulings cited, takes it clearly out of assessment companies and makes the policy old line. That being true, section 6242, Revised Statutes 1919, is applicable. The trial court having found that the misrepresentation as to the age of the insured in no way contributed to the death, the law will not permit a forfeiture of the policy on such misrepresentation.

It is held in the case of Hammerstein v. Parsons, 38 Mo. App. 332, that, while the members of an unincorporated association are partners *inter sese,* their rights against each other may be limited by contract, and the Constitution and By-Laws of the association constitute a contract between them. [See, also, Willoughby v. Hildroth, 182 Mo. App. 80, 167 S. W. 639; Meinhart v. Draper, 133 Mo. App. 50, 112 S. W. 709.]

We think that the contention made by all the defendants except the Grand Lodge of the Brotherhood of Railroad Trainmen is good, and that is, that this association is not a money-making organization and that the contract as between the parties does not contemplate that each member of the association is to be personally responsible for an entire loss but that the agreement between the parties is that the Grand Lodge will collect from the various members their dues and pay to the beneficiaries any loss sustained under a certificate which has been collected from the various members.

In cases cited by respondent under this point, we find that of Heath v. Goslin, 80 Mo. 310, where it is held that the members of a voluntary association of individuals, organized for educational purposes, which contracts for the services of a teacher, are personally liable for her wages, *"in the absence of any agreement or understanding of the parties to the contrary."*

The case of Phoenix Insurance Co. v. Burkett, 72 Mo. App. 1, is not applicable, because the defendant in this case is capable of making a contract through its agents.

O'Neal v. Grand Lodge, B. of R. R. T.

Respondent undertakes to overcome the point raised on the liability of the individual defendants by an admission which was made at the beginning of the trial, where it was admitted that, "The only controversy to be submitted to the court on the merits in this case is the question of the age of the insured, John C. Smithmier, and the possible further question as to power of the organization to issue the policy to him if his age was over 45 years at the time his application for insuance was made." Appellants have brought other admissions and statements made in open court by the attorneys for both respondent and appellants and the ruling on same by the trial court, which makes it clearly apparent that the admissions quoted did not contemplate an admission of liability against the individual defendants. We, therefore, rule that the judgment is affirmed in favor of respondent against the Grand Lodge of the Brotherhood of Railroad Trainmen, and is reversed as to all the other defendants. *Cox, P. J.,* and *Bradley, J.,* concur.