ELLA   TURK,  Respondent,  v.   THE   GLOBE
    FARMERS   TOWN   MUTUAL   INSURANCE
    COMPANY, Appellant.

**Kansas City Court of Appeals, May 3, 1915.**

**INSURANCE: Pleading: Town Mutual Insurance Companies.** Where
    a town mutual fire insurance company wishes to avail itself
    of the defenses provided in Art. XII, Ch. 61, R. S. 1909, it must
    plead and prove that it was entitled to assert those defenses
    under the aforesaid statute, otherwise they will be considered
    without merit.

Appeal from Vernon Circuit Court.—*Hon. B. G.*
                *Thurman,* Judge.

AFFIRMED.

*Templeton & Hale, W. W. Bressler* and *Fyke &
Snider* for appellant.

*Silvers & Dawson* and *W. M. Bowker* for respond-
ent.

JOHNSON, J.—This is an action on a policy of
fire insurance for $950 issued by defendant on a story
and a half frame dwelling house owned by plaintiff in
Rich Hill.  The house was destroyed by fire while the
policy was in force but liability was denied by defend-
ant under statutes relating to town mutual insurance
companies, especially section 7166, Revised Statutes
1909.  A trial of the issues presented by the pleadings
resulted in a judgment for plaintiff and defendant ap-
pealed.  There is no real merit in the defense but we
do not find it necessary to discuss the questions raised
by defendant since the record does not show that de-
fendant was incorporated and doing business as a town
mutual insurance company under the provisions of ar-
ticle 12, chapter 61, Revised Statutes 1909.

In the petition defendant is sued as an ordinary fire insurance company. The answer alleges the incorporation of defendant in this State as a town mutual company and the reply is a general denial. The special privileges and immunities accorded to town mutual insurance companies may be enjoyed only by those companies which are incorporated and are doing business pursuant to the provisions of article 12, and in actions such as the present, the burden is on the defendant, if it would interpose defenses peculiarly available to such companies, to plead and prove the facts which entitle it to make such defenses. [Marshall v. Insurance Co., 80 Mo. App. 18; Gruwell v. Knights & Ladies of Security, 126 Mo. App. 496, and cases cited.] The mere fact that the name of the defendant could be used as the name of a town mutual company is no proof that it is a corporation of that kind. Regarding the policy in question as a contract of ordinary fire insurance there is nothing before us to review and it follows that the judgment must be affirmed. It is so ordered.

All concur.