**Edith M. BAULDIN, Plaintiff–Appellant,**

v.

**BARTON COUNTY MUTUAL INSURANCE COMPANY, Defendant–Respondent.**

**No. 11130.**

Missouri Court of Appeals, Southern District, Division Two.

Sept. 30, 1980.

Dale H. Close, Richland, for plaintiff–appellant.

Harold J. Fisher, Mark E. Gardner, Woolsey, Fisher, Whiteaker, McDonald & Ansley, Springfield, for defendant–respondent.

HOGAN, Judge.

Plaintiff Edith M. Bauldin appeals from the trial court's order dismissing her action against defendant Barton County Mutual Insurance Company. The meritorious question presented–very indirectly–is whether the trial court should have treated defendant's second motion to dismiss as a motion for summary judgment, and should thereafter have given all parties a reasonable opportunity to present all pertinent material as provided by Rule 55.27(a) and Rule 74.04.[1] We conclude it should have, and that the order of dismissal must be reversed and the cause remanded.

The action was commenced on March 28, 1977. Plaintiff averred, among other things, that defendant issued an insurance policy to her on October 9, 1975; that by the terms of the policy and for a stated

---

1. All references to statutes and rules are to RSMo 1978, V.A.M.S. and V.A.M.R., except where otherwise specifically noted.

premium defendant insured plaintiff against loss by fire, and that on February 11, 1976, while the policy was in force, plaintiff's dwelling was destroyed by fire. Plaintiff further alleged that defendant had paid the sum of $6,988.78 in partial discharge of its duty, but had refused to pay all that was due. Plaintiff prayed judgment in the amount of $18,011.22, including damages for vexatious delay. Defendant's policy was incorporated by reference and was attached as an exhibit to her petition as permitted by Rule 55.12.

The defendant timely filed a motion to dismiss the petition for failure to state a claim combined with a motion to strike the averments and parts of the prayer of the petition concerning vexatious delay upon the ground that defendant is a farmer's mutual company, not subject to the vexatious delay statute. The trial court denied defendant's motion to dismiss, granted its motion to strike and allowed defendant 20 days in which to plead. Defendant thereafter answered to the merits and defendant filed a reply. About 6 months later, the following docket entry was made:

"On counsel for plaintiff and defendant's request, case passed for settlement."

On March 2, 1978, defendant filed a more explicit motion to dismiss plaintiff's petition, asserting as grounds that plaintiff's action was barred because: 1) the "provisions and stipulations" (conditions) of the policy provided in terms that "[N]o suit or action [on this policy] shall be sustainable . . . unless commenced within twelve months next after the inception of the loss"; 2) defendant company is a Farmers Mutual Insurance Company, organized and operating under the provisions of Chapter 380.580–380.840, RSMo 1969, "*as evidenced by the records from the Office of the Commissioner of Insurance* [hereto attached]" (our emphasis); 3) that because of § 380.-840, defendant's action was barred as a matter of law. As a precaution, defendant moved the court for leave to file an amended answer and pleaded its defenses. On July 18, 1978, the trial court took up and considered the motion, granted leave to file the amended motion and sustained the defendant's motion to dismiss.

■ For reasons fully elaborated by our preceptor in *Traders Mutual Fire Insurance Company v. Leggett*, 284 S.W.2d 586 (Mo. 1955), town, county and farm mutual insurance companies have always occupied a unique, specialized position. They have received special treatment from the courts, but they are " . . . not exempt from the general rules of jurisprudence and substantive law." *Traders Mutual Fire Insurance Company v. Leggett*, supra, 284 S.W.2d at 591; *Everett v. Patrons' & Farmers' Mut. Fire Ins. Co.*, 222 Mo.App. 1010, 1018, 7 S.W.2d 463, 468 (1928). Specifically, the admittedly slender record and the briefs filed show that some order of negotiation took place between the parties more than one year after the plaintiff's loss was sustained. The general rules of waiver of forfeiture are as applicable to mutual insurance companies as to other insurance companies, even though mutual companies enjoy special protection. *McMahon v. Supreme Tent, K. of the M. of the World*, 151 Mo. 522, 537, 52 S.W. 384, 387 (1899); *Everett v. Patrons' & Farmers' Mut. Fire Ins. Co.*, supra, 222 Mo.App. at 1019, 7 S.W.2d at 468. Of course, the statutory revision of the laws dealing with mutual insurance companies enacted in 1953, in particular the statute now codified as § 380.830, sharply limited the application of those general rules of waiver to county, town and farmers mutual insurance companies. Nevertheless, and to reiterate, the defendant dealt with its insured in some manner after it might have insisted her contractual rights stood forfeit, and we cannot say as a matter of law that the forfeiture was not waived nor that defendant did not estop itself to insist upon compliance with its policy conditions.

The statute of limitations pleaded by the defendant is now codified as § 380.840, and in material part reads as follows:

" . . . No . . . suit or action [upon the policy] shall be sustainable in any court of law or equity unless all the requirements of the policy shall have been complied with, nor unless commenced within

twelve months next after the loss. No defense set up . . . by a company in any suit concerning a loss shall render such company liable for damages."

 It is a general rule of law that pertinent provisions of the statutes in force when an insurance policy is issued become a part of the policy as if they were fully set out therein, *Homan v. Employers Reinsurance Corporation*, 345 Mo. 650, 658, 136 S.W.2d 289, 295[2], 127 A.L.R. 163, 170 (1940), and this rule applies to farmers mutual fire insurance companies. *Western & So. Life Ins. Co. v. New Madrid County, Etc.*, 99 S.W.2d 506, 509[2] (Mo.App. 1936). Nevertheless, because Chapter 380 accords special statutory protection to county, town and farmers mutual insurance companies, our courts have consistently held that such insurers must plead *and prove* their organization in order to avail themselves of the special protection afforded by the statutes. *Turk v. Glove Farmers' Town Mut. Ins. Co.*, 189 Mo.App. 463, 464, 176 S.W. 416 (1915); *Gruwell v. National Council of K. & L. of S.*, 126 Mo.App. 496, 501–502, 104 S.W. 884, 885 (1907). No proof of the defendant's status was made until March 2, 1978, when it filed, as part of its motion to dismiss, a certificate under the hand of the Superintendent of Insurance, attesting that it was authorized to issue fire and windstorm policies as a mutual property insurance company. The defense of limitation was not waived because it was not asserted by defendant's initial pleadings; it was asserted in the amended pleadings filed by leave of court first obtained, and that was sufficient. Cf. *Bernard McMenamy, Etc. v. Missouri State Highway Commission*, 582 S.W.2d 305, 322[25] (Mo.App. 1979). The fact remains that for nearly a year, the special statutory provisions were not properly invoked, and defendant continued to deal with the plaintiff in some manner or another. And, when the special statutory defenses were invoked, the proof necessary to raise those defenses was supplied by an extraneous document.

Rule 55.27(a) provides, among other things, that:

"... If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 74.04, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 74.04."

 This rule, or part of Rule 55.27, is essentially the same as F.R.Civ.P. 12(b). Federal precedents are not controlling, but they are persuasive. Concerning the cognate "conversion" provision of F.R.Civ.P. 12(b), it has been said:

"Although the conversion provision in Rule 12(b) expressly applies only to the defense described in Rule 12(b)(6), it is not necessary that the moving party actually label his motion as one under that provision in order for it to be converted into a motion for summary judgment. The element that triggers the conversion is a challenge to the sufficiency of the pleader's claim supported by extra–pleading material. It is not relevant how the defense actually is denominated.

\* \* \* \* \* \*

"Once the court decides to accept matters outside the pleading, it must convert the motion to dismiss into one for summary judgment and several courts have held that it is reversible error for the district court to consider outside matter without converting the motion to dismiss into a motion for summary judgment. . . ." [2]

 We have made a reasonable examination of the authorities cited in support of the statements quoted; we believe they support the views expressed. See, e. g., *Evans v. McDonnell Aircraft Corporation*, 395 F.2d 359, 361–362[1] (8th Cir. 1968), and cases there cited. In the case before us, it is manifest that the trial court considered

---

**2.** 5 C. Wright and A. Miller, Federal Practice and Procedure § 1366 at 676, 679–680 (1969).

the certificate of the Superintendent of Insurance in granting the motion to dismiss. In the particular circumstances, the trial court should have treated the second motion to dismiss as a motion for summary judgment and both parties should have been given reasonable opportunity to present all material made pertinent to such a motion by Rule 74.04.

Accordingly, the order of dismissal is reversed. The cause is remanded, with direction to treat defendant's motion dated March 2, 1978, as a motion for summary judgment and to allow both parties a reasonable opportunity to present all material made pertinent to the motion by Rule 74.04.

All concur.