**Edith M. BAULDIN, Plaintiff-Appellant,**

**v.**

**BARTON COUNTY MUTUAL INS. CO., Defendant-Respondent.**

**No. 13315.**

Missouri Court of Appeals, Southern District, Division One.

Feb. 16, 1984.

Motion for Rehearing or to Transfer to Supreme Court Denied March 7, 1984.

Application to Transfer Denied April 16, 1984.

Ralph W. Muxlow II, Smith & Muxlow, Richland, for plaintiff-appellant.

Mark E. Gardner, Woolsey, Fisher, Whiteaker, McDonald & Ansley, Springfield, for defendant-respondent.

GREENE, Chief Judge.

This appeal by plaintiff, Edith M. Bauldin, is from the trial court's order sustaining defendant Barton County Mutual Insurance Company's motion for summary judgment.

On March 28, 1977, plaintiff sued defendant, alleging a failure by the company insurer to pay her damages she suffered as a result of a fire loss that occurred on February 11, 1976. By amended answer filed with leave of court, defendant raised the issue that plaintiff's claim was barred by the statute of limitations by reason of § 380.840.[1] Although plaintiff, in her brief filed here, attacks defendant's statute of limitations defense on the double-barreled theories of the unconstitutionality of § 380.840, and waiver by defendant of its limitation defense, no constitutional claim was made in the trial court, through pre-trial responsive pleadings.

Defendant is a farmers' mutual insurance company. Section 380.840 provides that any suit on an insurance policy against a farmers' mutual insurance company must be commenced within one year of the date of the loss. Defendant also filed a motion to dismiss, alleging that it was a farmers' mutual insurance company, and that because of the one year statute of limitations, the suit against it was barred as a matter of law. The motion was accompanied by a certificate of the Missouri Division of Insurance attesting the defendant was authorized to issue fire and windstorm policies as a mutual property insurance company.

The trial court sustained defendant's motion to dismiss, and plaintiff appealed. This court, in *Bauldin v. Barton County Mut. Ins. Co.*, 606 S.W.2d 444 (Mo.App. 1980), concluded that defendant's motion to

---

1. Unless otherwise indicated, all references to statutes are to RSMo 1978, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

dismiss should have been treated by the trial court as a motion for summary judgment. The order of dismissal was reversed, and the cause remanded with direction to treat defendant's motion to dismiss as a motion for summary judgment, and to allow both parties to present all material pertinent to the motion, as provided for in Rule 74.04.

Plaintiff presented the trial court with material to buttress her claim of waiver by defendant of its statute of limitations defense. The material consisted of an affidavit of plaintiff's attorney, which contained the statement that on or about December 14, 1977, plaintiff, acting through her attorney, and defendant, acting through its attorney, entered into an agreement concerning the settlement of plaintiff's case, which agreement was a) defendant would pay plaintiff $7,000, b) the proposed settlement would be recommended by defendant's attorney to his client, and c) that the case, then pending on the trial court's docket, would be passed for settlement. The affidavit was accompanied by a copy of a letter from defendant's attorney to plaintiff's attorney dated December 19, 1977. The letter stated that although defendant's attorney had no authority to enter into a settlement agreement, he would recommend that his client settle plaintiff's claim by paying her $7,000.

Defendant presented the trial court with the affidavit of its attorney stating that 1) there was no settlement agreement, but only preliminary discussions about a possible settlement, 2) because of these discussions, it was necessary to continue the case, and 3) although defendant's attorney did tell plaintiff's attorney he would recommend his client pay $7,000 in settlement, his client refused to do so, and made a counter-offer of $3,100, which plaintiff refused.

As a part of her suggestions in opposition to defendant's motion, plaintiff alleged "the statute of limitations set forth in Section 380.840 of the Revised Statutes of Missouri is unconstitutional." The record does not disclose any other material presented to the trial court in support of the respective positions of the parties.

Thereafter, the trial court filed a memorandum and judgment, treating defendant's motion to dismiss as a motion for summary judgment, sustaining the motion, and entering judgment for defendant and against plaintiff on plaintiff's petition. The memorandum recited that the loss occurred on February 11, 1976, that plaintiff filed her suit on March 28, 1977, that the one year statute of limitations referred to in § 380.-840 applied, and that § 380.830 provides that "no right or defense of any company operating hereunder shall be waived by such company or held to be waived by it, unless ... specifically waived by letter or other written or printed instrument purporting on its face that it is intended to be a waiver of such specified provision, condition, right or defense." The memorandum further stated that plaintiff had failed to supply any evidence that defendant had waived its statute of limitations defense. No after-trial motion was filed by plaintiff seeking to vacate the judgment on the grounds that the statute of limitations relied on by the trial court as the basis for its action was unconstitutional.

■ On appeal, plaintiff contends that § 380.840 is "unconstitutional and should not be a bar to plaintiff's cause of action" without saying why. The point is written with blithe disregard for the directive of Rule 84.04(d) since it does not state why the statute is unconstitutional. Nevertheless, we address the question, since plaintiff's attorney has not been given notice required by Rule 84.08 that this portion of his brief is defective.

■ In the argument portion of plaintiff's brief, the limitations statute in question is assailed as being invalid on the grounds that it is impermissibly vague, that it creates an unreasonable classification between different classes of mutual

insurance companies, and that it "constitutes a special law." Although neither party has questioned our jurisdiction to decide that question, we have a duty to examine the jurisdictional issue sua sponte. *Champlin Petroleum Co. v. Brashears*, 592 S.W.2d 545, 547 (Mo.App.1979).

Article 5, § 3 of the Missouri Constitution provides that the supreme court shall have exclusive appellate jurisdiction in all cases involving the validity of a Missouri statute. However, their jurisdiction will not be exercised unless the claim of unconstitutionality was raised at the earliest opportunity, and properly preserved. *Christiansen v. Fulton State Hospital*, 536 S.W.2d 159, 160 (Mo. banc 1976); *Kansas City v. Howe*, 416 S.W.2d 683, 686–687 (Mo.App.1967). Here, plaintiff did not raise the constitutional issue by reply to the amended answer, which, though not required by Rule 55.01, would have been a legitimate way to challenge the constitutionality of the statute, or by a motion to strike the statute of limitations defense from defendant's amended answer. By such inaction, she waived her right to challenge the validity of the statute. *McDonald v. Plas*, 401 S.W.2d 929, 935–936 (Mo.App.1966).

Plaintiff's bootstrap attempt to raise the constitutional question in "additional suggestions of plaintiff" in which plaintiff's counsel "raises the additional issue that the statute of limitations set forth in § 380.840 of the revised statutes of Missouri is unconstitutional" came too late, as the trial court undoubtedly recognized, to resurrect the expired constitutional issue. Counsel was beating a dead horse. There was no valid constitutional issue before the trial court, and there is none here. The point was not properly preserved for review, and is denied.

In her remaining point relied on, plaintiff asserts that the trial court erred in granting the summary judgment because there was a genuine issue of material fact as to whether defendant had waived its statute of limitations defense. Under § 380.830, which applies here, plaintiff was obligated to produce a letter, or other written instrument, executed by an authorized representative of the company, that the company specifically waived the statute of limitations defense. It did not do so. The letter from defense counsel did not specifically waive the defense in question, or even infer that it did. Even if it had, there was no showing that the attorney had authority to waive the statute. The interpretation of the legal effect of the lawyer's letter was a matter of law, not of fact [*Hay v. Bankers Life Co.*, 231 S.W. 1035, 1038, 207 Mo.App. 277, 289 (1921)], and the trial court's finding of no waiver, based on the evidence before it, was correct. The point is denied.

The order of the trial court granting summary judgment, and the ensuing judgment for defendant and against plaintiff are affirmed.

FLANIGAN, P.J., and TITUS and CROW, JJ., concur.