**Donald J. HEIL, Jr. and Judy A. Heil, Appellants,**

v.

**FARMERS' MUTUAL FIRE INSURANCE COMPANY OF STE. GENEVIEVE COUNTY, Missouri, Respondent.**

No. 52579.

Missouri Court of Appeals,
Eastern District,
Southern Division.

Dec. 8, 1987.

Terry R. Rottler, Elpers & Rottler, Ste. Genevieve, for appellants.

Thomas L. Hoeh, Leo J. Rozier, Perryville, for respondent.

GRIMM, Judge.

In this jury tried case, Donald Heil, Jr., appeals from a judgment notwithstanding the verdict, or, in the alternative, a motion for a new trial granted in favor of Farmers' Mutual Fire Insurance Company of Ste. Genevieve County. The jury had awarded Heil $5,000. Heil claims that he had a policy with Farmers' Mutual, pursuant to an oral agreement, and should have been reimbursed for the loss he suffered when his mobile home was destroyed by fire.

There is one controlling issue on appeal: Whether Farmers' Mutual, because of its status as a farmers' mutual insurance company organized under § 380.480 RSMo. (repealed 1953), with articles of incorporation which require written application for membership and insurance can rely on § 380.830, RSMo.1986, to preclude a claim that an oral agreement for a policy of insurance was created. Finding that § 380.830 precludes any such waiver, we affirm the trial court's judgment entered notwithstanding the verdict.

In June 1977, Heil purchased a lot on which a mobile home, together with a 10 by 30 addition, was located. Heil submitted a written application with Farmers' Mutual; $5,000 was to be on the mobile home and addition, while $3,000 was to be on the contents. Heil paid the premium on June 20, 1977, and a policy was issued.

The application, dated June 20, 1977, indicates that it is for fire insurance "for a term of 5 years from June 20, 1977, at noon (C.S.T.) to June 20, 1978, at noon (C.S.T.)." Immediately above the line for signature was the following:

I agree to be governed by and agree that this insurance shall be subject to the terms and conditions of the Charter, By-Laws, Policies, Rules and Regulations now in force or which may hereafter be adopted and all amendments thereto, which Charter and By-Laws, as also this Application, are made a part of the policy which may be issued to me in pursuance of this application.

It was signed by both Heil and Eugene Coffman, an agent for Farmers' Mutual. Each year through 1981, an assessment notice was mailed to Heil; it would show the amount due and the period of coverage. The last such notice Heil received was in 1981; it indicated that the amount due was $56.00, and the coverage was for the period "6/20/81 to 6/20/82." Heil paid the assessment in 1981.

On June 6, 1984, agent Coffman was in Heil's place of business. At that time, a discussion about insurance took place. According to Heil, he learned for the first time that Farmers' Mutual has a five year limit on its policies, that his policy expired in 1982, and that, at that time, he did not have any insurance. Heil told Coffman that he wanted insurance on the property, but to raise the coverage to $7,000 on the mobile home and $3,000 on the contents. A specific premium was not stated, but Coffman gave Heil a figure of approximately sixty to seventy dollars. According to Heil, Coffman wrote down the coverage on a piece of paper, put the date and time on it, and said that Heil "was insured at that time". Coffman, on the other hand, denied telling Heil he had insurance, but instead told him to go to the Farmers' Mutual's office after lunch and sign the papers.

Heil never signed nor submitted a written application for insurance to Farmers' Mutual in 1984, nor did he receive a policy. Heil thought he would receive a bill for the policy; he didn't and he did not pay any premiums to Farmers' Mutual after that June 6, 1984 meeting.

On November 18, 1984, a fire occurred and completely destroyed the mobile home. Heil contacted Coffman directly at his home. Coffman went to the site and some time later Heil executed a Proof of Loss. The Board of Directors of Farmers' Mutual denied Heil's claim.

Farmers' Mutual was organized in 1895 under a Missouri statute which exempted farmers' mutual insurance companies from many of the insurance statutes applicable to other insurance companies. However, such companies could do business only in the county in which they were organized. *See, Traders' Mutual Fire Insurance Company v. Leggett,* 284 S.W.2d 586 (Mo. 1955). Section 380.479 RSMo.1986, prohibits the creation of new farmers' mutual insurance companies. Those in existence are governed by Sections 380.479 to 380.-840 RSMo.1986, and are controlled by a board of directors elected by the policyholders.

The primary issue on appeal is whether Farmers' Mutual is entitled to accept only written waivers of the provisions in its articles of incorporation. The articles of incorporation, in Article IV, state that: "Membership and insurance may be obtained only upon written application signed by the applicant and shall commence only when approved by the President and Secretary, or by their authorized representative, and shall cease when such insurance is cancelled or terminates from any other cause. The application shall be considered a part of the policy ..." Heil claims that this provision is waived because of the conversation he had with Coffman in June of 1984. He asserts that Coffman, as an agent of Farmers' Mutual, renewed his insurance by verbally stating that he would do so.

In support of his position, Heil refers us to *Beall v. North Missouri Farmers' Mu-*

*tual Insurance Company,* 99 S.W.2d 492 (Mo.App.W.D.1936). He quotes Beall, saying "A local agent has authority to waive [a] condition of a policy of a mutual insurance company." *Beall,* however, does not aid Heil, for in *Beall* a written policy of insurance had been issued and the question presented was whether a clause in the by-laws becomes a part of the written policy or whether its inclusion had been waived. There, the court held that, considering the application had been made out by the agent with full knowledge of the facts, the company could not rely on a limiting clause in the by-laws.

The only other case involving a farmers' mutual insurance company cited by Heil on this point is *Bauldin v. Barton County Mutual Insurance Company,* 606 S.W.2d 444 (Mo.App.S.D.1980). Bauldin had a written policy of insurance with defendant, he suffered a fire loss, and filed suit. A motion to dismiss, based on a defense of statute of limitations was filed, relying on § 380.840 RSMo.1978. The trial court sustained the motion, however, on appeal, the trial court was reversed because the motion was actually a motion for summary judgment and both parties should have been allowed to present material on the motion. As such, *Bauldin* does not support Heil's point.

In addition, Farmers' Mutual referred us to a later *Bauldin* decision, *Bauldin v. Barton County Mutual Insurance Company,* 666 S.W.2d 948 (Mo.App.S.D.1984). Following the reversal of the first *Bauldin* case, the trial court allowed both parties to file material. Plaintiff filed documents attempting to establish a waiver of the one year statute of limitations provided by § 380.840 RSMo.1978. In sustaining the motion, the trial court found that § 380.830 applied and that since plaintiff failed to supply any written instrument, signed by an authorized representative of the company, the defendant had not waived the statute of limitations defense. The appellate court found that the trial court's ruling was correct and affirmed.

None of the other cases cited by Heil on this point involve a farmers mutual insur-

ance company and therefore are not persuasive.

Section 380.830 RSMo.1986, referred to in the second *Bauldin* decision, states:

> No provision or condition of any insurance policy issued hereunder and no right of defense of any company operating hereunder shall be waived by such company or held to be waived by it, unless such provision, condition, right or defense is specifically waived by letter or other written or printed instrument purporting on its face that it is intended to be a waiver of such specified provision, condition, right or defense. Such letter or other written or printed instrument to be effective as a waiver must bear the signature, not in facsimile, or an officer or other representative of the company authorized to execute such waivers.

Heil has not referred us to any written waiver that allowed agent Coffman, or anyone else, to avoid the requirement that "Membership may be obtained only upon written application signed by the applicant." On the other hand, the second *Bauldin* decision indicates that, absent a written waiver, such an insurance company can rely on such restrictions.

Because of the special status of farmers mutual insurance companies and the statute's application to them, we are unable to find that a binding oral contract of insurance could be made through agent Coffman. None of the cases on this issue cited by appellant involve a farmers' mutual insurance company created under §§ 380.479 to 380.840.

For the foregoing reasons, we affirm the trial court's judgment entered notwithstanding the verdict.

SATZ, C.J., and CRIST, J., concur.