Charles ROOKS and Marie Rooks, Plaintiffs/Appellants,

v.

LINCOLN COUNTY FARMERS FIRE & LIGHTNING MUTUAL INSURANCE COMPANY, Defendant/Respondent.

No. 60879.

Missouri Court of Appeals, Eastern District, Division Four.

April 28, 1992

Motion for Rehearing and/or Transfer to Supreme Court Denied May 27, 1992.

UAW–GM Legal Services Plan, Robert L Swearingen, Lake St. Louis, for plaintiffs/appellants.

Edward J. Grewach, Troy, for defendant/respondent.

KAROHL, Justice.

Appellants, Charles and Marie Rooks, brought a breach of contract action on an insurance policy issued by respondent, Lincoln County Farmers Fire & Lightning Mutual Insurance Company (Lincoln County), a farmers' mutual insurance company. After the Rooks' home burned down, Lincoln County referred to a suspension clause in its policy and denied coverage because the home was unoccupied for over sixty consecutive days before the fire. Lincoln County paid the mortgage holder the balance due on the Rooks' note and filed a counterclaim for $30,489.38, the difference between the proceeds from the sale of the damaged real estate and the amount paid the mortgage holder. Both parties filed motions for summary judgment on their respective petitions. The trial court granted Lincoln County's motion, denied the Rooks' motion, and this appeal followed.

The Rooks raise three issues on appeal. They argue the trial court erred in granting summary judgment because there were genuine issues of material fact in dispute and Lincoln County is not entitled to summary judgment as a matter of law in that Lincoln County: (1) had knowledge of the vacancy and by its actions and statements waived its right to deny coverage; (2) should be estopped from denying coverage;

and (3) modified its insurance contract agreeing to insure the Rooks' unoccupied and vacant residence and the policy should be reformed in equity. We affirm.

Charles and Marie Rooks owned a home in Montgomery County, Missouri. The property was insured for fire loss by Lincoln County with a policy issued on February 1, 1987. The Rooks moved to Michigan in August 1988. Their Missouri home was never re-occupied. On August 15, 1988, Mrs. Rooks called Lincoln County. She testified she told a Lincoln County agent she planned to move and sell the house and the agent responded "okay." Mrs. Rooks denied saying anything about the house being vacant. On March 8, 1989, while residing in Michigan, Mrs. Rooks spoke by telephone with Margaret McCullen, a licensed insurance agent of Lincoln County. The purpose of the call was to have her "furniture taken off the policy," because the furniture was now in her Michigan home and covered under a different policy. The agent recommended also removing theft and liability coverage from the policy. Mrs. Rooks again denied any discussion about the house being vacant.

Lincoln County mailed a refund to the Rooks and issued an amended coverage endorsement removing coverage for furniture, theft, or liability. The Rooks believed, after receiving the amended policy endorsement and cover letter, their Missouri home would continue to be insured against fire loss despite its vacant status. They claim they would have obtained insurance on the property elsewhere if they had been made aware the fire insurance was suspended. This belief was contrary to the provisions of the policy and not based on any statement made by an agent of Lincoln County.

A fire completely destroyed the Rooks' home in Missouri on March 24, 1989. The Rooks sued Lincoln County for breach of contract when it denied coverage under the policy based upon the following clause:

CONDITION SUSPENDING OR RESTRICTING INSURANCE. UNLESS OTHERWISE PROVIDED IN WRITING ADDED HERETO, THIS COMPA-NY SHALL NOT BE LIABLE FOR LOSS OCCURRING ...

(b) while a described building, whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond a period of 60 consecutive days.

Lincoln County paid the mortgage holder the full amount owed on the Rooks' note and deed of trust, took an assignment of the note, and filed a counterclaim against the Rooks for $30,489.38, the difference between sale proceeds and the amount paid for the note.

On appeal of the order granting Lincoln County's motion for summary judgment on its counterclaim, we review the entire record in the light most favorable to the party against whom summary judgment was entered. *Forrest v. Schnucks Markets, Inc.*, 791 S.W.2d 447, 449 (Mo.App. 1990). "Summary judgment is authorized where the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Ronollo v. Jacobs*, 775 S.W.2d 121, 125 (Mo. banc 1989). We have presented the facts in accord with these standards.

Lincoln County concedes most of the facts relied on by the Rooks are true. It only denies Mrs. Rooks called prior to moving in August 1988, and contends its agent reminded Mrs. Rooks during the March 8th conversation of the policy provisions which would render it suspended if the premises were vacant for a period of sixty days or more. For the purpose of this appeal, we must accept the Rooks' version of these two events. However, there was no evidence any agent of Lincoln County told Mrs. Rooks the policy was in force regardless of vacancy.

■ The Rooks' first point on appeal is Lincoln County had knowledge of the vacancy of the insured residence and by its actions and statements waived its right to deny coverage. Lincoln County relies on § 380.551 RSMo 1986 which specifies limited circumstances under which a provision

of a mutual insurance company's policy shall be waived:

> No provision or condition of any insurance policy ... and no right or defense of any company ... shall be waived by such company or *held to be waived by it*, unless such provision, condition, right or defense is specifically waived by letter or other written or printed instrument *purporting on its face that it is intended to be a waiver of such* specified provision, condition, right or *defense....* (Our emphasis).

Mutual insurance companies are afforded special protection by this statute. In *Heil v. Farmers' Mutual Fire Ins. Co.*, 741 S.W.2d 91 (Mo.App.1987), the court held an insurance agent was statutorily precluded from orally waiving the requirement for a written application. Similarly, in *Baudlin v. Barton County Mutual Ins. Co.*, 666 S.W.2d 948 (Mo.App.1984), the court affirmed an order which permitted insurer to raise a statute of limitations defense because § 380.551 RSMo 1986 (formerly § 380.830) requires a defense to be *expressly* waived in writing.

Cases which have applied general principles of waiver against mutual insurance companies are factually distinguishable from the present case. For example, issuance of a policy when the insurer's agent knew the rental property to be insured had been vacant for over six months and was "not likely to be occupied" constituted a waiver of a known ground of invalidity. *Bledsoe v. Farm Bureau Mutual Ins. Co.*, 341 S.W.2d 626, 629 (Mo.App.1960). *See also Heindselman v. Home Ins. Co.*, 282 S.W.2d 191 (Mo.App.1955).

> Coupled with the knowledge of existing vacancy must be facts sufficient to put a reasonable person on notice that the vacancy will or is likely to continue beyond the prescribed period, or the agent must have such actual knowledge. This is to be distinguished, of course, from the situation where the policy excuses itself from coverage in the event of any vacancy, for in the latter event knowledge of vacancy at the time of issuance would be a waiver of the vacancy. This is but an application of the general

rule that the issuance of an insurance policy constitutes a waiver of a known ground of invalidity. (citations omitted). *Bledsoe*, 341 S.W.2d at 632.

The Rooks argue this court should hold Lincoln County's actions of issuing a policy endorsement decreasing the scope of coverage, with knowledge the premises were vacant at that moment and likely to remain vacant beyond sixty days, is equivalent to issuing a policy with a known ground of invalidity. The Rooks' argument, relying on *Bledsoe*, fails for several reasons. First, application of § 380.551 was not an issue in *Bledsoe*. Second, prior to the move in August 1988, Mrs. Rooks notified Lincoln County of her intention to move and sell the house, but she did not specify when she was moving, discuss whether the home would be vacant, or request a change in her policy. This was notice of move but not notice the property would be vacant for sixty days or more. Sale within that period would have terminated the risk insured and re-occupancy would remove a suspension of coverage under the policy. Similarly, there was no mention of the period of vacancy during the subsequent March 8th conversation. The August notice and the March notice were not connected by facts requiring the conclusion Lincoln County must have known the fire coverage was in suspension on March 8, 1989. The general rule of waiver recognized in *Bledsoe* is applied where it may be assumed an insurer acts in good faith and intends to execute a valid contract, and a valid policy could be issued only if a waiver is applied. *Bledsoe*, 341 S.W.2d at 632. The present case does not involve the issuance of a voidable policy. The Rooks' policy was never voidable.

■ Alternatively, the Rooks contend Lincoln County's act of generating an amended policy endorsement and refund check constitutes substantial compliance with the statute. This argument ignores the statutory requirement that any instrument purported to be a waiver must be specific, express and evidence "on its face that it is intended to be a waiver of such ... defense." Section 380.551 RSMo 1986. A written document which does not men-

tion vacancy or unoccupancy will not support a finding of waiver under § 380.551.

■ Waiver is founded upon the intentional relinquishment of a known right. If waiver is implied from conduct, the conduct must clearly and unequivocally show a purpose to relinquish the right. *Brown v. State Farm Mutual Auto. Ins. Co.,* 776 S.W.2d 384, 386–387 (Mo. banc 1989). Lincoln County's agent was precluded by case law and statute from oral waiver of the vacancy provision of an existing, valid insurance policy. The parties' written and oral communications never addressed the period of unoccupancy. No action attributable to Lincoln County constitutes a clear, unequivocal or express intent to waive a provision in an existing policy. The Rooks' first point on appeal is denied.

■ The Rooks' second point on appeal is Lincoln County should be estopped from denying coverage. Unlike waiver, estoppel involves the imposition of liability on the basis of acts which usually were not intended to produce the consequences sought. Estoppel requires "(1) an admission, statement, or act inconsistent with the claim afterwards asserted and sued upon, (2) action by the other party on the faith of such admission, statement, or act, and (3) injury to such other party, resulting from allowing the first party to contradict or repudiate the admission, statement, or act." *Brown,* 776 S.W.2d at 386 (citing *Mississippi–Fox Drainage Dist. v. Plenge,* 735 S.W.2d 748, 754 (Mo.App.1987)). "[E]stoppel, with some element of unfairness, lack of notice, or other detriment to the insured, rather than voluntary waiver without such element, is the preferred theory when the insurer elects a policy defense." *Macalco, Inc. v. Gulf Ins. Co.,* 550 S.W.2d 883, 891–2 (Mo.App.1977).

The Rooks assert Lincoln County misled them by issuing an amended policy endorsement for the period of March 8, 1989, to February 1, 1990, despite the known vacancy. There is no evidence of knowledge of vacancy. Moreover, it is possible for the coverage to have been valid if someone had re-occupied the home during that period. While one can reasonably believe the Rooks may have taken out other insurance had they been reminded by Lincoln County that the policy would be suspended by sixty continuous days of vacancy, the conduct of Lincoln County cannot be said to be misleading when there was no actual notice to them that the Rooks' home had been vacant for over six months. Even accepting Mrs. Rooks' testimony that she called Lincoln County before moving, she does not claim to have given a new address, to have mentioned whether the house would be occupied, sold or rented, or to have expressed any concern for continued coverage.

The purpose of the estoppel doctrine is to prevent unfairness when insureds rely to their detriment on misleading representations made by the insurer. The purpose is not to eliminate any duty on the part of insureds to know the terms of their own policy. Lincoln County never made misleading or inconsistent statements or representations and the Rooks never paid for fire coverage on a vacant house. "[T]he doctrine of estoppel contemplates the estopped party misrepresented a material fact." *Legler v. Meriwether,* 391 S.W.2d 599, 602 (Mo.App.1965). The Rooks do not claim or rely on any misrepresentation of any material fact, only that Lincoln County should have reminded them of a provision in the policy. There was no affirmative misrepresentation regarding a valid, existing insurance contract. Also, the Rooks had a copy of the insurance contract and were presumptively aware of its terms. *See Burch v. Schmelig,* 300 S.W.2d 838, 843 (Mo.App.1957).

■ The Rooks' third and final point on appeal is there was a mutual mistake in assumptions when the insurance contract was modified on March 8, 1989, and the remedy is reformation in equity. "The party seeking reformation or asserting it as a defense has the burden to establish by clear and convincing evidence that a mutual mistake common to both parties has been made." *Williams v. United Ins. Co. of America,* 618 S.W.2d 229, 231 (Mo.App. 1981).

In the present case, the Rooks do not rely on any mistake common to both parties. Instead, they argue Lincoln County's agent mistakenly assumed the moving date was on or about March 8, 1989, and the Rooks mistakenly assumed they would be covered despite the vacancy. The Rooks do not argue both parties held mistaken views about the same matter of fact. There is no factual issue with respect to mutual mistake which would support reformation in equity.

Reviewing the record in the light most favorable to the Rooks, we find the court was correct in granting summary judgment for the insurer pursuant to § 380.551 RSMo 1986 and general principles of waiver, estoppel, and contract reformation.

SMITH, P.J., and AHRENS, J., concur.